# CARROLL C. MILLS

## V.

# MILLER HARNESS COMPANY, INC.

Record No. 820102

Decided March 8, 1985, at Richmond

Present: All the Justices

*Andrew H. Perkins (Perkins, Price & Zimmerman,* on brief), for appellant.

*(Herbert L. Karp; Brown, Genn, Brown & Karp,* on brief), for appellee. Appellee submitting on brief.

STEPHENSON, J., delivered the opinion of the Court.

Miller Harness Company, Inc. (Miller), sued Carroll C. Mills to set aside certain payments made to Mills by Stombock's Fine Riding Apparel Ltd. of Virginia, Inc. (Stombock), on the ground that the payments constituted a fraudulent conveyance in violation of Code § 55-80.* The trial court set aside the payments and awarded Miller an *in personam* judgment against Mills.

The primary question in this appeal is whether a corporation's preferential payment of a *bona fide* debt to a creditor who is in complete control of the corporation's affairs is, as a matter of law, a fraudulent conveyance in violation of Code § 55-80. If we answer the primary question affirmatively, the secondary question is whether the court erred in granting the *in personam* judgment rather than directing that the total payments be distributed ratably among the corporation's creditors.

The facts are undisputed. Mills was president, sole stockholder, and a director of Stombock. He, alone, controlled the manage-

---

*Code § 55-80 reads as follows:

Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

ment of Stombock's business. When Stombock began to experience financial difficulties, Mills deferred receipt of his salary payments from Stombock. Subsequently, Stombock became insolvent.

On the advice of Stombock's attorney, Mills closed the business, liquidated the corporation's assets, and paid all Stombock's creditors except Miller. Miller's unpaid claim was $5,983.97. Mills, himself, was among the creditors paid. He received $3,888.20 in deferred accrued salary. Both Mills and Miller were unsecured general creditors.

Generally, an insolvent debtor, whether an individual or a corporation, may prefer some *bona fide* creditors to the exclusion of others. Absent clear and convincing proof that a debtor made the preference with intent to defraud the other creditors and that the preferred creditor had notice thereof, the unpaid creditors cannot successfully attack the preference as a fraudulent conveyance under Code § 55-80. *Surratt* v. *Eskridge,* 131 Va. 325, 108 S.E. 677 (1921). *See also Beck* v. *Semones' Admr.,* 145 Va. 429, 134 S.E. 677 (1926).

This general rule, however, is subject to an exception. When an insolvent corporation prefers a creditor who is in complete control of the corporation's affairs over other creditors of the corporation, the preference is fraudulent *per se. Darden* v. *Lee Company, Inc.,* 204 Va. 108, 129 S.E.2d 897 (1963).

Mills contends that the present case is governed by the general rule and that, because his debt was valid and there is no evidence of actual fraud, Stombock's payments were simply a permissible preference and not a fraudulent conveyance proscribed by Code § 55-80. He relies upon *Bank of Commerce* v. *Rosemary and Thyme,* 218 Va. 781, 239 S.E.2d 909 (1978), and *Planters Bank of Farmville* v. *Whittle,* 78 Va. 737 (1884). His reliance is misplaced.

These cases are readily distinguishable from the instant case. In neither *Bank of Commerce* nor *Planters Bank* was the preferred creditor in complete control of the corporation's affairs. 218 Va. at 787, 239 S.E.2d at 913-14; 78 Va. at 738. Moreover, while the corporate directors in both cases were indirectly liable for payment of the preferred debt as endorsers, the direct creditor was an innocent third party. 218 Va. at 787, 239 S.E.2d at 913-14; 78 Va. at 738.

The present case, on the other hand, is factually similar to *Darden.* Here, as in *Darden,* the preferred creditor completely

controlled the corporation's affairs. Further, the corporate manager was himself the creditor of the corporation and not merely an endorser for a third party. Thus, applying the *Darden* exception, the court correctly ruled that the preference was fraudulent as a matter of law.

■ The remaining question is whether the court erred in awarding Miller an *in personam* judgment against Mills for the money fraudulently paid rather than directing that the money be distributed ratably to Miller and Mills. We find nothing in the statute authorizing a court to award an *in personam* judgment when a fraudulent conveyance is set aside. We conclude, therefore, that this was error.

■ We believe that the amount fraudulently paid should be returned for a ratable distribution to Miller and Mills. This is consistent with the remedy fashioned in *Darden*. In *Darden*, as here, two general creditors remained unpaid, and we implicitly approved a ratable distribution. 204 Va. at 113-14, 129 S.E.2d at 900-01. Because the validity of Mills' claim is unchallenged, we will remand the cause with directions that Mills pay $3,888.20, plus interest, into court for a ratable distribution to both of Stombock's creditors.

Summarizing, we will affirm that portion of the court's decree setting aside the fraudulent conveyance. However, we will reverse that part of the decree granting Miller an *in personam* judgment and remand the cause for a distribution of the funds.

*Affirmed in part,*
*reversed in part,*
*and remanded.*