## CIRCUIT COURT OF FAIRFAX COUNTY

Marsh Broadcasting
of Washington, D.C., Inc.

v.

George Mason
University Foundation, Inc.,
and
Northern Virginia Radio Corp.

Case No. (Law) 89566

By JUDGE MICHAEL P. McWEENY

May 14, 1990

The Court has had this matter under advisement following oral argument upon defendant George Mason University Foundation's Plea in Bar and Demurrer. As set forth below, the Plea in Bar is denied; the Demurrer is sustained with leave granted to amend within ten days.

This cause of action alleges breach of a contract for the sale of the assets of radio station WEEL by defendants, George Mason University Foundation and Northern Virginia Radio Corporation (hereinafter "GMUF" and "NVRC" respectively), under terms of an Asset Purchase Agreement executed on December 12, 1984. Plaintiff seeks damages upon the failure of defendants to deliver certain multi-year lease renewal options as required under the Agreement. The parties have stipulated, however, that plaintiff is

barred from seeking relief upon a claim of fraud as a separate cause of action.

## I. *Plea in Bar*

The Plea in Bar is essentially based on the Statute of Frauds, Va. Code § 11-2(1), (4), (6) and (7). Defendant argues that plaintiff's cause of action is based upon an alleged oral contract and thus is barred.

The Statute of Frauds is concerned with the enforcement of contracts and not their validity. *Brown v. Valentine*, 240 F. Supp. 539 (W.D. Va. 1965). A valid oral contract may exist until avoided by the Statute properly raised. That oral contract may be enforced, however, if there is sufficient memorandum in writing to satisfy the statute. *Hewitt v. Hutter*, 406 F. Supp. 976 (W.D. Va. 1975).

Upon the pleadings, the plaintiff does not allege that GMUF made any representations or assurances concerning the ability of NVRC to perform the obligations of the agreement. Nor is such an assurance suggested by the written agreement. Absent such representation, Va. Code § 11-2(1) has no applicability here.

Virginia Code § 11-2(4) relates to "a promise to answer for the debt, default, or misdoings of another." The plain language of the Amended Motion for Judgment states that the GMUF would be "primarily liable" for the obligations. As this is not alleged to be a surety claim, this portion of the Statute of Frauds would not apply.

Under terms of the Agreement, Seller agreed to convey a then-existing multi-year lease and renewal options. Defendant argues that because this provision concerns an interest in a real estate lease for more than one year and, therefore, an agreement not to be performed within one year, it falls within Va. Code §§ 11-2(6) and (7) and thus cannot be enforced under an oral contract. However, plaintiff's cause of action is maintained under the *written* Agreement incorporated into the Amended Motion for Judgment. By the terms of that Agreement, there are sufficient references to the lease and renewal options to remove any oral agreement for conveyance from the statute of frauds. *See Murphy v. Nolte & Co.*, 226 Va. 76 (1983).

The last point raised in the Plea in Bar is that on the face of the written document, as incorporated in the Amended Motion for Judgment, there are no duties imposed upon GMUF except the "non-competition" clause. In the plain language of the Agreement, NVRC is identified as the "Seller." Yet, GMUF signed the Agreement without qualification as to its capacity. The plaintiff asserts that this constitutes an ambiguity as to whether the intent of the parties for GMUF to be bound by one or all of the terms of the Agreement. Where a party has signed an agreement for some purpose undisclosed by the instrument, parol evidence may be received to ascertain the intent of the parties. *Caplan v. Stant, Ex'r.*, 207 Va. 933 (1967). Defendant attempts to distinguish this rule on the basis that in the instant case, an obligation and consideration are set forth on the face of the document. The Court finds that the defendant's contention, while carrying evidentiary weight, does not remove the ambiguity for the purpose of a Plea in Bar.

## II. *Demurrer*

Plaintiff has set forth on information and belief various conditions existing between the corporate defendants at the time of the sale of assets. Plaintiff claims further reliance upon additional (but unspecified) non-written representations to support a claim to pierce the corporate veil. Defendant demurs to these claims as being insufficient. Its argument is in two parts.

A. The conclusion to disregard the corporate fiction involves a number of factors, some of which have been alleged by plaintiff. However, in addition to showing a subsidiary is organized and operated as a mere instrumentality or conduit of the stockholders, it must further appear that recognition of the separate corporate entities would further aid an unjust loss or injury. *Beale v. Kappa Alpha Order*, 192 Va. 382, 386 (1951). *Cf. DeWitt Truck Brokers v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 687 (4th Cir. 1976) (decided under South Carolina law). Since a demurrer admits the truth of all facts properly pled and facts which may be fairly inferred from those alleged, the Court accepts as true the alleged under-capita-

lization, insolvency, overlap between the corporate defendants' directors and officers, and failure to observe corporate formalities. However, following the rule announced in *Beale* and its progeny, this Court cannot reach the conclusion urged by plaintiff without drawing impermissible inferences from these allegations alone. Defendant's demurrer is sustained on this ground.

B. Defendant's claim that the allegations of fraud and misrepresentation must fail as lacking the specificity required by law is well taken. Where fraud is relied on, the plaintiff must state specifically of what the fraud consists. Allegations of fraud in the abstract do not give rise to *nor support* a cause of action. *Winn v. Aleda Const. Co.*, 227 Va. 304 (1984). As the plaintiff seeks to support its "alter ego" claim to pierce the corporate veil with allegations of fraud, the allegations are insufficient and the demurrer must be sustained on this ground, as well.

October 1, 1990

This matter came before the Court on September 12, 1990, upon defendants' Pleas in Bar and Demurrers to the Amended Motion for Judgment. As plaintiff filed a memorandum on September 11, 1990, defendant requested ten days to file a response, which motion was granted.

The Court has now received all memoranda and considered them in light of the oral arguments. Upon review, the Pleas in Bar are denied without further discussion; however, the Demurrers require a brief analysis. The Demurrers run to three causes of action; Piercing the Corporate Veil, DeFacto Dissolution, and Fraudulent/Voluntary Conveyance pursuant to §§ 55-80 and 55-81 of the Code. They will be addressed in turn.

### *Piercing the Corporate Veil (Alter Ego)*

An unjust loss or injury as the result of GMUF's domination over NVRC is a necessary element for this cause of action. The defendant contends that there was no fraudulent conveyance to support this alleged "unjust loss"; however, to support this contention, defendant

goes outside the pleadings to Answers to Interrogatories. The Demurrer on this point fails.

The issue of the necessity of fraud for piercing the corporate veil is dispositive. Although fraud may not be required to pierce the veil to reach officers, stockholders, and directors (*Lisk v. Criswell*, 52 Bankr. 184 (E.D. Va. 1985); *Dewitt Truck Brokers, Inc. v. W. Ray Fleming Fruit Co.*, 540 F.2d 681 (4th Cir. 1971)), it would appear in the case of a parent-subsidiary that fraud may be required to pierce the corporate veil.

> Before the corporate entity may be properly disregarded and the parent corporation held liable for the acts of its subsidiary . . . it must be shown . . . that this control was exercised in such a manner as to defraud and wrong the complainant. *Beale v. Kappa Alpha Order*, 192 Va. 382, 396 (1951).

As the only allegation contained in the Amended Motion for Judgment remains one of fraudulent intent in the abstract, it is still insufficient to support the cause of action. *Winn v. Aleda Const. Co.*, 227 Va. 304 (1984).

Plaintiff also attempts to avoid the lack of specificity of fraud in its allegation by supplying a presumption under the fraudulent conveyance theory. In that context, when an insolvent corporation "prefers" a creditor, the preference is presumed fraudulent *per se. Mills v. Miller Harness Co.*, 229 Va. 155 (1985). While the two causes of action are not mutually exclusive, the Court finds that the presumption is one to be applied to the specific remedies of §§ 55-80 and 55-81 and will not serve to eliminate an element necessary to pierce the corporate veil. The Demurrer is sustained.

### De Facto Dissolution

Whether or not NVRC is or was a corporation in good standing is a fact subject to proof and, therefore, may not be reached on Demurrer. Yet, reading the brief of the plaintiff leaves the Court uncertain if this issue was ever raised. It is clear that if the plaintiff relies upon the duties of notice on dissolution under § 13.1-746

of the Code, that reliance is misplaced as the duty would run to NVRC, not GMUF. In oral argument, plaintiff suggested it was only alleging that NVRC was "stripped" of its assets as part of its fraudulent/voluntary conveyance theory. If "De Facto Dissolution" is a straw issue raised by the defendant, it need not be addressed further. If it is offered as a separate cause of action or theory, the Demurrer is sustained.

### Fraudulent/Voluntary Conveyance

Initially, the Court is unpersuaded by the laches argument. Plaintiff has pleaded in paragraphs 15 and 31 of the Amended Motion for Judgment that it did not know until 1990 of its claim. While it is true that laches is measured by the time fraud is or should have been discovered, *Shields Adm's v. Anderson*, 30 Va. (3 Leigh) 729 (1832); *Meredith v. Goodwyn*, 219 Va. 1025 (1979), the burden of proof remains on the defendant. *Morris v. Mosby*, 227 Va. 517 (1984). In light of the pleadings, the laches argument is overruled.

Turning to the specific causes of action under Sections 55-80 and 55-81, as stated above, the Court concurs with plaintiff's position that these causes of action are complimentary to, and not exclusive from, the "alter ego" theory. The flaw in the pleading lies in the remedy sought. A fraudulent/voluntary conveyance is subject to an action to set aside the conveyance or to obtain a judgment and levy directly upon the property transferred. *Harvey v. Fox*, 32 Va. (5 Leigh) 444 (1834); *Cheatle v. Rudd's Swimming Pool Supply*, 234 Va. 207 (1987). This is *not* the relief requested by the plaintiff. While "bare bones" allegations are set forth in the Amended Motion for Judgment supporting a cause of action for fraudulent/voluntary conveyance, the pleading must fail insofar as it requests independent relief from the other "Counts." The Demurrer is sustained.

### October 25, 1990

This letter is to confirm the telephone call I requested my clerk to make regarding the motion to reconsider the opinion letter dated October 1, 1990.

Upon consideration, I do not change my opinion as set forth in the letter. The remedy being sought in the prayer for relief is not a proper remedy at law or under the pleadings in this case.

A fraudulent conveyance is attached by means of a judgment creditor's bill or an action in the nature of one. *See* J. Ulrich, *Fraudulent Conveyances and Preferences in Virginia*, 36 Wash. & Lee L. Rev. 51, 57, n. 32 (1979); 37 Am. Jur. 2d, *Fraudulent Conveyances*, § 167; *see also, Solenberger v. Strickler*, 110 Va. 273, 275 (1909) (a court of equity has jurisdiction of a creditor's bill filed in order to clear away conveyances made in order to hinder, delay and defraud). The remedy sought in this case does not fit the pleadings.

For the reasons stated, the Motion for Reconsideration is denied.