**COUNTY FUEL COMPANY, INC.,**
**Plaintiff–Appellant,**

v.

**EQUITABLE BANK CORPORATION, d/b/a The Equitable Trust Company, a/k/a Equitable Bank, N.A., Defendant–Appellee,**

**and**

**Stegman & Company, a/k/a Stegman & Associates, Professional Association, Defendant.**

No. 86–1618.

United States Court of Appeals, Fourth Circuit.

Argued March 2, 1987.

Decided Nov. 2, 1987.

Kevin M. McGeady (Edward L. Blanton, Jr.; Blanton & McCleary, Towson, Md., on brief) for plaintiff-appellant.

Donald James McCartney (Smith, Somerville & Case, Baltimore, Md., on brief) for defendant-appellee.

Before PHILLIPS and WILKINSON, Circuit Judges, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.

JAMES DICKSON PHILLIPS, Circuit Judge:

County Fuel Company (County Fuel), a Chapter 11 debtor, appeals the dismissal on res judicata grounds of its claim against Equitable Bank Corporation (Equitable), a secured creditor which had earlier filed in the bankruptcy proceeding an uncontested claim based upon the same transaction giving rise to County Fuel's claim. Because the district court thought that the bankruptcy court's allowance of Equitable's uncontested claim against County Fuel consti-tuted a final judgment on the merits as to County Fuel's later asserted claim based on the same transaction, it dismissed County Fuel's claim on res judicata grounds. We affirm the judgment of dismissal, but on different grounds of claim preclusion than that relied upon by the district court.

I

Equitable and County Fuel entered into a commercial financing security agreement on April 9, 1979, in which Equitable agreed to make loans to County Fuel in return for a security interest in all of County Fuel's accounts receivable then existing and later acquired. Equitable extended loans to County Fuel over a period of time pursuant to the agreement.

A June 29, 1981 letter from Equitable to County Fuel demanded payment of the full balance of the loan, $197,682, within five business days. When County Fuel failed to pay, Equitable brought legal proceedings in a state court to obtain access to the accounts receivable. The state court granted Equitable's request for an injunction requiring County Fuel to deposit all receivables into a special account. County Fuel responded on July 6, 1981, by filing a petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland. It also moved the bankruptcy court to quash the state court's order, alleging that the bankruptcy court had exclusive jurisdiction over the dispute raised in the state court.

On January 8, 1982, Equitable filed a proof of claim for the secured balance of the loan in the bankruptcy proceedings, see 11 U.S.C. § 501. County Fuel, by this time a debtor-in-possession, never objected to this proof of claim, except insofar as the claim included a request for attorney fees. On February 16, 1982, Equitable filed a complaint for declaratory relief and requested the bankruptcy court to lift the automatic stay imposed by 11 U.S.C. § 362. The court lifted the stay on March 29, 1982, thus permitting Equitable to proceed against its collateral. The United States District Court for the District of Maryland

affirmed the bankruptcy court's decision to lift the automatic stay, and Equitable eventually received payment in full, plus interest and attorney fees incurred in the efforts to collect its secured claim. In its "Objection to Inferred Claim," filed August 24, 1982, County Fuel contested Equitable's claim for attorney fees but stated: "The secured claim for pre-petition secured debts incurred as receivables financing for working capital are not objected to and in fact have been paid in full."

County Fuel then filed an action in state court on April 30, 1984, seeking damages for Equitable's breach of an alleged oral promise not to call the secured loan as long as existing accounts receivable offered adequate security for the amount of the debt outstanding. The state action also included a claim, not involved in the present appeal, against County Fuel's accountant, Stegman and Company, P.A., for professional malpractice. On motion of Stegman, the action was removed to the bankruptcy court and later transferred *sua sponte* by the bankruptcy court to the district court pursuant to a standing order referring all non-core proceedings to the district court.

Equitable then moved in the district court under Fed.R.Civ.P. 12(b)(6) to dismiss the claims against it on grounds of res judicata. The court accepted Equitable's argument that County Fuel's state claim and the claim filed by Equitable in bankruptcy were part of the same cause of action, and that the merits of that cause of action had been adjudicated finally by the automatic allowance of Equitable's unobjected-to claim in the bankruptcy proceeding. The court noted that County Fuel could have objected in the bankruptcy proceedings to Equitable's filed proof of claim, raising as a defense the same claim upon which it had now based its removed state claim for affirmative relief, but had failed to do so.

This appeal followed.

## II

It is doubtful that in strict contemplation County Fuel's removed state claim was, as the district court thought, barred under res judicata principles by County Fuel's failure to assert it as a basis for affirmative relief along with an objection to Equitable's claim in the bankruptcy proceeding. It certainly lay with County Fuel both to object to Equitable's claim as a matter of defense and to join with its objection a counterclaim for declaratory relief that the claim was defeated or at least made premature by the alleged oral agreement. *See* 3 *Collier on Bankruptcy*, § 502.01[3], p. 502–15 (15th ed. 1987). But the better and decidedly majority view is that the failure to interpose such an available "counterclaim" does not, as a matter of res judicata, bar its subsequent assertion as an independent claim for relief. *See Restatement (Second) Judgments* § 22(a).[1] Furthermore, as defendant contends, it is doubtful that the "automatic allowance" under 11 U.S.C. § 502(a) of a claim not objected to constitutes a "final judgment" of the type that gives rise to "bar" or "claim preclusion" under strict res judicata principles. *See Restatement (Second) Judgments* §§ 13, 19, comment *a*. Under relevant bankruptcy law, objections may be made and allowed after automatic allowance of a claim, *see* Advisory Committee Note to Bankruptcy Rule 3007, and indeed a claim allowed by order may be later disallowed upon reconsideration. 11 U.S.C. § 502(j). Additionally, the "automatic allowance" provided by § 502(a) was not "final" for purposes of appellate review, another test, though not decisive, of its "finality" for res judicata purposes. *See Restatement (Second) Judgments* § 13, comment *b*.

Consequently, we think that the district court was not technically correct in finding County Fuel's removed state claim barred specifically by its failure to object or inter-

---

1. A compulsory counterclaim rule of course would have this effect, and where one exists, it provides an exception to the basic rule of non-preclusion. *Restatement (Second) Judgments* § 22(2)(a). There is no suggestion that the compulsory counterclaim rule applicable under the Bankruptcy Rules to adversary proceedings, *see* Bankruptcy Rule 7013, is applicable to any of the proceedings here in issue.

pose a counterclaim to Equitable's claim in the bankruptcy proceeding.

■ But we are satisfied that the claim was effectively precluded by principles of waiver closely related to those that, in the interests of repose and integrity, underlie res judicata. As Equitable properly points out, automatic allowance of Equitable's claim was not the end of the matter. This was followed by an order lifting the automatic stay which permitted Equitable to foreclose and thereby obtain satisfaction of its entire principal secured claim; then by a further order of the bankruptcy court allowing, this time over an express objection by County Fuel, Equitable's claim for attorney fees, as an element of the underlying contractual claim. Significantly, in pressing its objection to the allowance of attorney fees, County Fuel expressly conceded that Equitable's secured claim for pre-petition debts "are not objected to, and in fact have been paid in full."

County Fuel may again be technically correct that, standing alone, the order lifting the stay should not either be considered a final judgment on the merits sufficient to invoke strict res judicata principles. As County Fuel correctly points out, the only matters potentially in issue in relation to a motion to lift an automatic stay relate to the adequacy of the creditor's protection, the debtor's equity, and the necessity of the property to effective reorganization; the merits of claims are not in issue and the procedural setting is not one appropriate for the assertion of counterclaims. *See In re Johnson,* 756 F.2d 738, 740 (9th Cir. 1985).

In total compass, however, we are satisfied that County Fuel's failure to object or to assert its claim as a counterclaim to Equitable's claim in the bankruptcy proceeding, followed by Equitable's satisfaction of the principal amount of its claim upon lifting of the automatic stay, followed by County Fuel's express concession of the validity of Equitable's principal claim in the course of objecting to its further claim for attorney fees, suffices to preclude County Fuel's later independent actions.

The practical effect of a successful prosecution of County Fuel's claim would be to require Equitable to make restitution of the amount realized upon its claim, for County Fuel's claim is that under an oral contract Equitable had no right to call the secured debt upon which its allowed claim was based. It would also constitute a successful collateral attack on the bankruptcy court's contested order, affirmed on appeal by the district court, allowing Equitable's claim for attorney fees. For those attorney fees were recoverable only if the underlying claim to whose collection they related was a valid one.

In such circumstances, preclusion is required to protect the integrity and repose of the earlier adjudications, particularly where, as here, a party has reasonably acted in reliance upon the assumed finality and integrity of those adjudications. The principle, as expressed in *Restatement (Second) Judgments* § 22(2), is that one who fails to interpose an available counterclaim, as did County Fuel here, is "precluded, after the rendition of judgment ... from maintaining an action on the claim if: ... (b) [t]he relationship between the [unasserted] counterclaim and the ... claim is such that successful prosecution of the second action would nullify the initial judgment"; *see Circle v. Jim Walter Homes, Inc.,* 654 F.2d 688, 691–92 (10th Cir.1981) (purchase money chattel mortgagors who failed in foreclosure action to counterclaim for double damages for alleged violation of U.C.C. in connection with underlying transaction precluded from maintaining later action on such claim; successful prosecution would "nullify prior adjudication" that secured debt was owed); *Martino v. McDonald's System,* 598 F.2d 1079 (7th Cir. 1979) (franchisee who did not assert antitrust counterclaim in franchise breach action by franchisor which was settled before compulsory counterclaim rule applied, precluded from maintaining later action on such claim; successful prosecution would nullify rights established by consent judgment in earlier action).

As indicated, successful prosecution of County Fuel's claim here would effectively nullify the adjudication, finally reflected in

the unsuccessfully appealed order awarding attorney fees to Equitable, that Equitable's secured claim was a valid one entitling it to immediate payment. Accordingly, we will affirm the district court's judgment, though on a somewhat different basis than that relied upon by the district court. *See Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed.2d 626 (1943).[2]

AFFIRMED.

---

**2.** Laches might well provide an alternative basis for affirmance. If County Fuel's removed state action were to be treated as a belated objection to the automatic allowance of Equitable's claim, *see* Bankruptcy Rule 8007, or even as a petition for reconsideration of the allowance under 11 U.S.C. § 502(j), it would be subject to the defense of laches, *see In re Henderson,* 577 F.2d 997, 1000 (5th Cir.1978) (under old Code) or, under § 502(j), would be determinable "according to the equities of the case." Precisely the same considerations compelling preclusion under the principle of *Restatement (Second) Judgments* § 22(2)(b), would compel, or certainly

justify, refusal to entertain the belated objection here on the basis of laches or the "equities of the case." Laches in this context may apply where there has been unreasonable delay with resulting prejudice, no intentional deception by the claimant being required. *See In re Henderson,* 577 F.2d at 1001. Here, despite obvious knowledge of every element of the claim now belatedly asserted, County Fuel waited two years after Equitable had been paid the full amount of its unobjected-to claim before seeking to set that claim at naught. The resulting prejudice to Equitable is manifest.