# CIRCUIT COURT OF FAIRFAX COUNTY

Gemini Organization, Ltd., et al.

v.

Robert B. Patterson et al.

February 1, 2000

Case No. (Chancery) 162393

BY JUDGE KATHLEEN M. MACKAY

In this action Complainants allege that a consent judgment negotiated and executed by the Defendants was a fraudulent or voluntary transfer without adequate consideration. Complainants ask the Court to strike the consent judgment as void. For purposes of this letter, at issue is a Plea in Bar filed by the Defendants.

The Plea in Bar was argued on Friday, November 19, 1999. Although all the pleadings filed by the Defendants prior to November 19, 1999, had been done pro se by Robert B. Patterson, Attorney Paul D. Scanlon actually made an appearance in the case to argue the Plea and represent the Defendants from that point forward. The Complainants were represented by Attorney Brian W. Cubbage.

I have decided for the reasons stated below to overrule Defendants' Plea in Bar, and an appropriate Order [follows] this opinion.

## *Issues*

The Complainants in this case are Gemini Organization, Ltd., and James E. Britt (hereinafter "Gemini"). The Defendants, Eugene N. Hooper and Robert B. Patterson, lost a note collection action to Gemini in this Court after a three day jury trial on January 24, 25, and 29, 1996. Mr. Hooper was the actual defendant in that case and Mr. Patterson was his attorney. Judge

Jamborsky entered a Final Judgment Order on February 5, 1996. The judgment was in excess of a million dollars.

Complainants claim that, after Gemini had instituted its suit, Attorney Patterson sued Hooper to collect his legal fees. That lawsuit was also filed in this Court.

According to the Bill of Complaint, after a jury verdict was rendered in the first lawsuit but before the final order was entered, Hooper and Patterson entered into a consent judgment. That judgment was entered as an order by Judge Keith on February 2, 1996, and was modified by the parties on May 17, 1996. Complainants allege that Hooper was never actually indebted to Patterson in the amount of $682,328.29 and that the Consent Order represents the Defendants' attempt to "hinder, delay, and defraud Gemini in its efforts to lawfully collect the Gemini judgment against Hooper." See paragraph 3, B of C. Patterson assigned his judgment to his wife, Maureen Patterson, as trustee, in May 1996.

Complainants allege that these actions on the part of the Defendants violate Virginia Code § 55-80, which states:

§ 55-80. *Void fraudulent acts; bona fide purchasers not affected.* — Every gift, conveyance, assignment or transfer of, or charge upon, any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained and every bond or other writing given with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they may be lawfully entitled to shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void. This section shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor or of the fraud rendering void the title of such grantor.

and Virginia Code § 55-81, which states:

§ 55-81. *Voluntary gifts, etc., void as to prior creditors.* — Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, or which is upon consideration of marriage, by an insolvent transferor, or by a transferor who is thereby rendered insolvent, shall be void as the creditors whose debts shall have been contracted at the time it was made, but shall not, on that account merely, be void as to creditors whose debts shall have been contracted or as to purchasers who shall have purchased after it

was made. Even though it is decreed to be void as to a prior creditor, because voluntary or upon consideration of marriage, it shall not, for that cause, be decreed to be void as to subsequent creditors or purchasers.

Defendants responded to the Bill of Complaint with a Plea in Bar. In the Plea, Defendants raise the defenses of standing, statute of limitations, res judicata and collateral estoppel, laches, failure to state a claim, and clean hands. See paragraphs I through IX, Plea in Bar.

Pleadings and Memoranda filed in support of and in opposition to the Plea in Bar have been voluminous. The following represents a chronology of pleadings filed on this issue.

| | |
|---|---|
| Bill of Complaint | August 25, 1999 |
| Plea in Bar | October 5, 1999 |
| Gemini Response | October 7, 1999 |
| Memo Supporting Plea | October 28, 1999 |
| Gemini Response | November 4, 1999 |
| Memorandum Supporting Plea | November 12, 1999 |
| Gemini Response, Oral Argument | November 24, 1999 |

Two other issues were noticed to be argued on November 19, 1999: Gemini's Motion to Compel Discovery and Gemini's Motion for a Protective Order. The Court did not rule on these motions. Indeed, I do not recall the parties arguing these motions on November 19th.

## *Related Litigation*

Both sides in this litigation refer to other cases that bear upon the discussion. The following represent a listing of pertinent litigation but is by no means an exhaustive recitation of the cases in which Gemini and Hooper have been involved.

Gemini Organization, Ltd., et al. v. Eugene N. Hooper and Cedar Crest Country Club, Inc., Law No. 139380 (Cir. Ct. Fairfax February 12, 1996, nunc pro tunc February 5, 1996) (Final Judgment Order).

Robert B. Patterson v. Eugene N. Hooper, Law No. 141848 (Cir. Ct. Fairfax February 2, 1996) (Consent Order).

Maureen D. Patterson, Trustee v. Eugene N. Hooper, Law No. 141848 (Cir. Ct. Fairfax November 5, 1998) (Gemini motion granted as to charging order against Andrews Manor Shopping Center Limited Partnership).

In re Leesburg Pike Associates Family Limited Partnership, No. 98-14696 (Bankr E.D. Va. October 20, 1999) (Consent Order Terminating Automatic Stay).

Gemini Organization, Ltd., et al. v. Eugene Hooper et al., Civil No. 98-3672 slip op. (D. Md. June 21, 1999).

## *Discussion*

Although the Defendants raise numerous defenses, most can be disposed of without an extended discussion. I note at the outset that the Defendants put on no evidence in support of their Plea in Bar.

A. As to the Statute of Limitations, Defendants misunderstand the applicable time limit. Complainants are not bound by two years as in a fraud action. Rather they are alleging a voluntary conveyance or, in the alternative, a fraudulent conveyance. The limitation period for the former is five years pursuant to Va. Code § 8.01-253. Mr. Cubbage is correct in his assertion that the Virginia Supreme Court has declined to apply any statute of limitations, of any kind, to fraudulent conveyance claims. See *Flook v. Armentrout's Adm'r*, 100 Va. 638, 42 S.E. 686 (1902) (cited in *In re Massey*, 225 B.R. 887 (Bankr. E.D. Va. 1998)). See Gemini's Response filed on November 4, 1999, at p. 7.

The United States Bankruptcy Court in *In re Massey* interpreted Virginia law on fraudulent conveyances as providing only one limitation to bringing an action, and that is the doctrine of laches. *Id.*, 225 B.R. at 890.

Laches, as historically defined by the Supreme Court, does not apply to this case. "Laches is such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim and declines to assert his right." *Pittman v. Pittman*, 208 Va. 476, 479, 158 S.E.2d 746 (1968) (*quoting Wissler v. Craig's Adm'r*, 80 Va. 22, 30 (1885). It appears from the brief history of the legal relationship between these parties that has been sketched in the pleadings that the Complainants and the Defendants have been legally fighting with each other continually for the past four years. One has no sense of "abandonment" here. Furthermore, the burden is on the party alleging laches to prove it. As stated above, the Defendants have put no factual

20

evidence before the Court other than to attach various court documents to their pleadings, all of which reinforces the Court's conclusion that laches is inappropriate.

In their Memorandum of November 12, 1999, the Defendants argue that the "payment of an antecedent debt is not a fraudulent conveyance." They argue that Gemini is asking the court to "overturn two hundred years of precedent." See Defendants' Memorandum at p. 2. There is no way this Court on a Plea in Bar can address this assertion without hearing the facts. Defendants may very well be correct. The burden the Complainants must bear to prove this case is a heavy one. And the cases cited by Defendants illustrate that point. See *Hutcheson v. Savings Bank*, 129 Va. 281, 105 S.E. 677 (1921); *Surratt v. Eskridge*, 131 Va. 325, 108 S.E. 677 (1921); and *Mills v. Miller Harness Co.*, 229 Va. 155, 326 S.E.2d 665 (1985). But the arena for that issue to be decided is at trial, or, at the very least, upon the submission of a motion for summary judgment when the facts are agreed upon, an extremely unlikely probability in this highly contested case.

Attorney Scanlon spoke eloquently at the November 19th hearing in favor of the finality of court orders. However, Va. Code § 55-80 contemplates by its very wording that judgments can be attacked. Defendants' arguments as to standing and unclean hands have no merit.

B. An argument that has much more appeal was Defendants' assertion that the many orders and rulings that have come out of litigation involving these parties since 1996 are evidence that Complainants could and should have raised this charge before now in other suits and that, because they could have done so, they should be estopped from proceeding with this lawsuit.

The Defendants describe in their memoranda in narrative form litigation in three states and in federal courts in Virginia and Maryland, all of which involve Maureen Patterson's attempts to enforce the disputed judgment and Gemini's resistance. Defendants are specifically concerned over litigation in two venues: Bankruptcy Court in the Eastern District of Virginia, Alexandria Division; and Fairfax County Circuit Court in Law No. 141848.

In neither case do the principles of res judicata apply. This particular cause of action has not been litigated before. Nor is the principle of collateral estoppel on point, since the Complainants are not seeking to litigate an issue of fact which has been decided in other litigation. For concise definitions of *res judicata* and collateral estoppel, see *Bates v. Devers*, 214 Va. 667, 672, 202 S.E.2d 917 (1974). Rather, the Defendants are arguing that the Complainants are "precluded" from arguing fraudulent conveyance now since they could have argued it in either the bankruptcy proceeding or in the Fairfax

Circuit Court. Complainants respond that this argument is entirely inappropriate.

Both rely on a particular case to support their point of view, and that is *County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290 (4th Cir. 1987). It is worthwhile reviewing the facts of that case to see if it resembles the facts of our case.

Equitable and County Fuel entered into a financing security arrangement in which Equitable agreed to make loans to County Fuel in return for a security interest in County Fuel's accounts receivable. Equitable called its loan and brought suit in state court to obtain access to the accounts. The matter was transferred to bankruptcy court when County Fuel filed a petition under Chapter 11. In bankruptcy court, Equitable filed a proof of claim and County Fuel did not object except to Equitable's request for attorney's fees. Equitable proceeded with the approval of the bankruptcy court and eventually received payment in full on the debt including attorney's fees. County Fuel then turned around in state court and sued Equitable alleging breach of an oral promise made by Equitable not to call the secured loan as long as existing accounts receivable offered adequate security. The case was removed to the federal district court.

As in our case, the Defendant, Equitable, argued that County Fuel should have raised their breach of contract claim in bankruptcy court when the collateral was being disposed of. The Fourth Circuit agreed, not on the principle of *res judicata*, but rather that "the claim was effectively precluded by principles of waiver closely related to those that, in the interest of repose and integrity, underlie res judicata." *Id.*, 832 F.2d at 293. The Court noted that, if County Fuel prevailed on its breach of contract claim, that judgment would nullify the bankruptcy court's ruling. "In such circumstances, preclusion is required to protect the integrity and repose of the earlier adjudications." *Id.*

In the instant case, the Defendants argue that their position is analogous to that of Equitable's. In the bankruptcy proceeding in the Eastern District, however, the court was adjudicating one particular asset in which Hooper had an interest, the Leesburg Pike Associate Family Limited Partnership. Unlike the case in *County Fuel*, this particular asset is in no way representative of the sum total of the game between Gemini and Hooper. The value of this particular asset is not sufficient to satisfy the claim of either Gemini or Patterson.

More importantly, as Gemini points out in its papers, Gemini had a prior lien in the bankruptcy proceeding. In effect there was nothing to contest. Gemini actually foreclosed upon the sole asset of the Leesburg Pike

22

partnership and "thereby completely wiped out any possible interest Patterson could have ever claimed against the property." See Gemini's Response filed on November 4, 1999, at p. 9, as well as Gemini's Response filed November 24, 1999, and Exhibits attached thereto. Given the particular way in which these parties were situated in the bankruptcy proceeding, it is impossible to see how Complainants could have contested Patterson's claim in that court.

In a similar vein, Defendant made the argument that this Court's issuance of charging orders in Law No. 141848 are res judicata as to the instant case. For exhibits submitted with reference to this argument see Tabs E, G, and H of Defendants' Response filed October 28, 1999.

Both sides agree that Gemini made a special appearance to contest a charging order being entered against Andrews Manor Shopping Center Limited Partnership. In their Opposition Brief filed in Law No. 141848, Gemini argues that they already had a perfected security interest in the property. In any event, what they asked Judge McWeeny to acknowledge was that the Circuit Court of Montgomery County, Maryland, had already taken jurisdiction over the proceeds of the limited partnership. Judge McWeeny agreed. It appears from the pleadings given to me that the whole matter of the Andrews Manor Shopping Center Limited Partnership is being handled by the United States District Court, District of Maryland. See exhibits attached to Gemini's Response filed October 7, 1999, as well as Tab G of Defendants' Response filed on October 28, 1999.

As in the prior discussion over the Leesburg Pike Limited Partnership, neither res judicata nor collateral estoppel apply but the relevant question is whether Gemini is precluded for raising the fraudulent conveyance charges now when they could have been raised in front of Judge McWeeny. Defendants cite no code law supporting the theory that this issue either could have been or should have been raised in front of Judge McWeeny. In fact, Gemini gave the Defendants a clear warning of what was to come. See footnote 4, p. 5, Opposition of Richard F. Boddie, filed in Law No. 141848, Tab E, Defendants' Response filed on October 28, 1999.

*Other Issues*

Gemini filed a Motion to Compel on November 4, 1999, and a Motion for a Protective Order on October 8, 1999. These motions were supported by Memoranda. Based on these pleadings, I have no problem granting Gemini's Motion for a Protective Order as to Gemini's income tax returns. They are irrelevant to this lawsuit. As to any other relief requested in either motion,

Gemini will have to place these matters on my docket for February 18th if they are still of concern.

## Order

This matter came before this Court on Defendants' Plea in Bar and on Complainants' Motion for a Protective Order. After hearing oral argument on November 19, 1999, the Court took the matter under advisement. For the reasons stated in this Court's letter opinion of February 1, 2000, the Court is of the opinion that the Plea should be overruled and the Motion should be granted in part. It is therefore adjudged, ordered and decreed that Defendants' Plea in Bar is overruled, and the Complainants' Motion for a Protective Order as to Gemini's tax returns is granted.