JOHN M. WALKER, JR., Circuit Judge:
 

 Plaintiff-appellant EDP Medical Computer Systems, Inc. (“EDP”), brought this lawsuit seeking refund of a tax liability paid by the bankruptcy trustee after EDP had filed for bankruptcy protection. The United States District Court for the Eastern District of New York (Frederic Block, Judge) granted defendant-appellee United States’ motion for summary judgment because,
 
 inter alia,
 
 EDP’s claim was barred by
 
 res judicata.
 
 The question this case presents is whether a bankruptcy court order allowing an uncontested proof of claim constitutes a final judgment on the merits that can be a predicate for
 
 res judicata.
 
 We hold that it does and affirm.
 

 BACKGROUND
 

 The material facts are not in dispute. During the fourth quarter of 1984, EDP employed a number of wage-earners and consequently was required to file with the Internal Revenue Service (“IRS”) a quarterly Employer’s Federal Tax Return (“Form 941”). Upon EDP’s failure to file a Form 941 for that quarter, the IRS, pursuant to 26 U.S.C. § 6020(b), prepared and filed one on EDP’s behalf, reflecting an estimated employment tax liability of $11,744.28. EDP paid that assessment and an additional $4,196.23 in interest and penalties. Thereafter, the IRS received an unsigned but completed tax return that showed a $62,760.40 tax liability for EDP’s 1984 fourth quarter. As a result, on May 12, 1986, the IRS imposed an additional tax assessment of $51,016.12, which EDP refused to pay.
 

 On December 1, 1992, EDP filed a Chapter 11 reorganization petition in the Bankruptcy Court for the Middle District of Pennsylvania that was transferred to the Eastern District of New York. It was later converted to a Chapter 7 liquidation.
 

 On November 30, 1995, the IRS filed a proof of claim with the bankruptcy court pursuant to 11 U.S.C. § 501 that reflected EDP’s pre-petition tax liability of $147,271.44, consisting of the $51,016.12 assessment and approximately ten years of interest and penalties. The bankruptcy trustee filed a motion objecting to the IRS’ proof of claim in 1999, and the bankruptcy court scheduled a hearing for January 11, 2000.
 

 Shortly before the hearing, the IRS amended its claim (the “amended proof of claim”) to add an assessment for certain 1985 unemployment taxes plus interest and penalties, reflecting a new total tax liability of $166,181.47. Neither the trustee nor EDP objected to the amended proof of claim. The trustee acceded to the amended proof of claim, and the bankruptcy court issued an order allowing it on January 26, 2000. It remained unpaid for approximately nine months.
 

 On March 15, 2000, Bernard Gelb, the president of EDP, Judith Gelb, his wife and the majority shareholder of EDP, and 143-11 Realty Corp., a corporation solely owned by Judith Gelb (collectively, “the Gelbs”), resolved by stipulation a habeas corpus petition filed by Bernard Gelb concerning the restitution and fine imposed on him in a 1989 criminal proceeding. In the stipulation, the Gelbs agreed to make payments toward the restitution and fine, and in return the United Stated agreed that:
 

 
 *624
 
 All other claims by the [United States] against ... EDP, whether made or not, whether accrued or not, are ... waived and the [United States] generally releases ... EDP from all claims which it may have except as set forth in th[e] Stipulation.
 

 The stipulation did not mention the proofs of claim by the IRS.
 

 On June 1, 2000, Judith Gelb moved to intervene in the EDP bankruptcy proceeding to object to the amended proof of claim, but later withdrew her motion. On November 7, 2000, the trustee paid the U.S. Treasury the amount of $195,001.23, satisfying the entire tax claim plus post-petition interest.
 

 On June 1, 2001, the trustee closed the bankruptcy case. At that time, all claims except some . post-petition interest had been paid in full and the estate had a zero net worth. If the amended proof of claim had been disallowed and not paid, the estate would have had a surplus of $195,001.23. While a non-trivial amount of that surplus would have been applied to post-petition interest accruing on other creditors’ claims, most of it would have gone to EDP.
 

 A year later, EDP filed for a refund of the $195,001.23 from the IRS and followed up by bringing this action. In its complaint, EDP alleged that the underlying tax assessment was incorrect or, alternatively, that the IRS’ claim based thereon was barred by the March 15, 2000 stipulation.
 

 The United States successfully moved for summary judgment. The district court found that EDP lacked standing to pursue the tax refund claim because it remained property of the bankruptcy estate and that, even if EDP had standing, the claim was barred by
 
 res judicata
 
 based on the bankruptcy court’s order allowing the amended proof of claim. This appeal followed.
 

 DISCUSSION
 

 On appeal, EDP challenges both bases for the district court’s grant of summary judgment. Because we agree with the district court’s
 
 res judicata
 
 determination, there is no need for us to resolve the standing issue.
 

 “We review
 
 de novo
 
 the district court’s application of the principles of
 
 res judicata.” Legnani v. Alitalia Linee Aeree Italiane, S.p.A.,
 
 400 F.3d 139, 141 (2d Cir.2005) (per curiam). “Under the doctrine of
 
 res judicata,
 
 or claim preclusion, ‘[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.’ ”
 
 St. Pierre v. Dyer,
 
 208 F.3d 394, 399 (2d Cir.2000) (quoting
 
 Federated Dep’t Stores, Inc. v. Moitie,
 
 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Thus, the doctrine bars “later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.”
 
 In re Teltronics Servs., Inc.,
 
 762 F.2d 185, 190 (2d Cir.1985). This rule applies with full force to matters decided by the bankruptcy courts.
 
 See Katchen v. Landy,
 
 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966);
 
 In re Teltronics Servs.,
 
 762 F.2d at 190.
 

 Res judicata
 
 “is a rule of fundamental repose important for both the litigants and for society.”
 
 In re Teltronics Servs.,
 
 762 F.2d at 190. It “relieve[s] parties of the cost and vexation of multiple lawsuits, conserved] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication.”
 
 *625
 

 Allen v. McCurry,
 
 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). These virtues have no less value in the bankruptcy context; this is particularly true in a Chapter 7 liquidation where it is desirable that matters be resolved as expeditiously and economically as possible.
 
 See generally Bank of Lafayette v. Baudoin (In re Baudoin),
 
 981 F.2d 736, 740 (5th Cir.1993) (observing that “it is more imperative than ever that the doctrine of
 
 res judicata
 
 be applied with unceasing vigilance” to Chapter 7 proceedings).
 

 EDP argues in this case that the bankruptcy court’s order allowing the amended proof of claim cannot be a predicate for
 
 res judicata
 
 because it is not a final judgement on the merits.
 
 [1]
 
 In fact, EDP contends that the order was neither a “final judgement,” nor “on the merits,” because the amended proof of claim was uncontested rather than actually litigated.
 

 Although we have not had occasion to decide whether a bankruptcy court order allowing an uncontested proof of claim is a “final judgment” for
 
 res judicata
 
 purposes, the Fifth Circuit has held that it is.
 
 See Baudoin,
 
 981 F.2d at 742. Moreover, the Ninth Circuit has held that a bankruptcy court’s allowance of an uncontested proof of claim, even without a separate order, is a final judgment for
 
 res judicata
 
 purposes.
 
 See Siegel v. Fed. Home Loan Mortgage Corp.,
 
 143 F.3d 525, 528-31 (9th Cir.1998) (citing
 
 Baudoin
 
 with approval). We now join these two circuits in holding that a bankruptcy court order allowing an uncontested proof of claim constitutes a “final judgment” and is thus a predicate for
 
 res judicata.
 

 We are aware, as was the
 
 Siegel
 
 court, that the Fourth Circuit has expressed the view that it is “doubtful that the ‘automatic allowance’ under 11 U.S.C. § 502(a) of a claim not objected to constitutes a ‘final judgment’ of the type that gives rise to ‘bar’ or ‘claim preclusion’ under strict
 
 res judicata
 
 principles.”
 
 County Fuel Co. v. Equitable Bank Corp.,
 
 832 F.2d 290, 292 (4th Cir.1987). The
 
 County Fuel
 
 court explained its doubts:
 
 [2]
 

 Under relevant bankruptcy law, objections may be made and allowed after automatic allowance of a claim,
 
 see
 
 Advisory Committee Note to Bankruptcy Rule 3007, and indeed a claim allowed by order may be later disallowed upon reconsideration. 11 U.S.C. § 502(j).
 

 Additionally, the “automatic allowance” provided by § 502(a) [is] not “final” for purposes of appellate review, another test, though not decisive, of its “finality” for
 
 res judicata
 
 purposes.
 

 832 F.2d at 292.
 

 These concerns lose force here because, while the amended proof of claim was uncontested and thus permitted pursuant to the so-called “automatic allowance” mechanism provided in 11 U.S.C. § 502(a), it was approved by a court order.
 
 See Siegel,
 
 143 F.3d at 530. But to the extent that the
 
 County Fuel
 
 court meant to extend its finality concerns to specific court orders
 
 *626
 
 because they may be subject to reconsideration pursuant to 11 U.S.C. § 502(j), we disagree that they lack finality. A party’s ability to seek relief from a district court order pursuant to Fed.R.Civ.P. 60(b) is in many ways the functional equivalent of a party’s rights under § 502(j).
 
 See
 
 2 William L. Norton, Jr.,
 
 Norton Bankruptcy Law & Practice 2d
 
 § 41:15 n.43 (2d ed.1997); 4
 
 Collier on Bankruptcy
 
 ¶ 502.11[5][a] (15th ed.2006). Yet the availability of Rule 60(b) relief does not undermine the finality of such an order.
 
 See Williams v. Int’l Bhd. of Elec. Workers, Local 520 (In re Williams),
 
 298 F.3d 458, 462 n. 3 (5th Cir.2002) (“The fact that a judgment may be subject to a motion for relief under [Rule] 60(b) does not affect the finality of the judgment.”);
 
 see also Restatement (Second) Judgments
 
 § 13, cmt. f (“A judgment otherwise final for purposes of the law of
 
 res judicata
 
 is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like .... ”). Moreover, doubts about an order’s finality are even less compelling where, as here, the debtor has received its discharge and the bankruptcy proceeding is closed. “By then any lingering doubts about finality would surely have been assuaged.”
 
 Siegel,
 
 143 F.3d at 530;
 
 Restatement (Second) Judgments
 
 § 13, cmt. a (explaining that
 
 res judicata
 
 “effect should not be accorded a judgment which is considered merely tentative in the very action in which it was rendered. On the contrary, the judgment must ordinarily be a firm and stable one, the ‘last word’ of the rendering court.”).
 

 A bankruptcy court order allowing a proof of claim, even one that is uncontested, is also probably final for appellate review purposes.
 
 See, e.g., Orsini Santos v. Mender,
 
 349 B.R. 762, 768 (1st Cir. BAP2006) (“An order allowing or disallowing a claim is a final, appealable order.”)(citing
 
 In re Perry,
 
 391 F.3d 282, 285 (1st Cir.2004)). But we can leave that issue alone because, as the
 
 County Fuel
 
 court notes, whether an order is final for appellate review purposes is not dispositive of its finality for
 
 res judicata
 
 purposes. 832 F.2d at 292.
 

 As to EDP’s contention that
 
 res judicata
 
 is not available because the amended proof of claim was not litigated on the merits, we disagree.
 
 Res judicata
 
 does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim.
 
 See Federated Dep’t Stores,
 
 452 U.S. at 398, 101 S.Ct. 2424(fíes
 
 judicata
 
 extends to all claims that
 
 “were or could have been
 
 raised in that action.” (emphasis added)). That is why it has long been the law that default judgments can support
 
 res judica-ta
 
 as surely as judgments on the merits.
 
 See Morris v. Jones,
 
 329 U.S. 545, 550-51, 67 S.Ct. 451, 91 L.Ed. 488 (1947) (“ ‘A judgment of a court having jurisdiction of the parties and of the subject matter operates as
 
 res judicata,
 
 in the absence of fraud or collusion, even if obtained upon a default.’ ”) (quoting
 
 Riehle v. Margolies,
 
 279 U.S. 218, 225, 49 S.Ct. 310, 73 L.Ed. 669 (1929)).
 

 Under 11 U.S.C. § 502(a), a “party in interest” may object to a proof of claim filed pursuant to § 501.
 
 [3]
 
 EDP qualified as a party in interest with respect to the amended proof of claim because its disal-lowance would have produced a surplus in the estate.
 
 See
 
 4
 
 Collier on Bankruptcy
 
 ¶ 502.02[2][c] (15th ed. 2006) (“The [Chapter 7] debtor ... has an interest if there is
 
 *627
 
 any chance that a disallowance will yield a solvent estate that would provide a return to the debtor.”). Thus, EDP had the opportunity to litigate the validity of the amended proof of claim. Faced with this apple, EDP kept its mouth closed;' it cannot now take a bite.
 

 Finally, to the extent EDP claims that
 
 res judicata
 
 does not apply because the IRS fraudulently induced the trustee into allowing its amended proof of claim, we are unpersuaded. EDP’s allegations do not rise to the level of fraud. And to the extent they generally attack the validity of the government’s claim, EDP was possessed of sufficient facts to object during the bankruptcy proceeding but chose not to.
 

 In sum, we hold that the bankruptcy court’s January 26, 2000 order was a final judgment on the merits and that the district court did not err in according it
 
 res judicata
 
 effect.
 

 CONCLUSION
 

 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 

 [1]
 

 . EDP’s opening brief on appeal failed to question the remaining elements of the district court's
 
 res judicata
 
 analysis, specifically, whether the January 26, 2000 order was in a case involving the same parties or their privies and the same cause of action. Although EDP did belatedly contend in its reply brief that the district court erred in its finding on these elements, its failure to press those arguments in its opening brief waives them.
 
 Dixon v. Miller,
 
 293 F.3d 74, 80 (2d Cir.2002);
 
 Nat'l Labor Relations Bd. v. Star Color Plate Serv.,
 
 843 F.2d 1507, 1510 n. 3 (2d Cir.1988).
 

 [2]
 

 . The observation that follows is
 
 dicta
 
 because the
 
 County Fuel
 
 court concluded that, on the facts before it, the doctrine of waiver precluded the debtor's subsequent state law action against the creditor. 832 F.2d at 292-94.
 

 [3]
 

 . Judith Gelb, in fact, filed an objection to the amended proof of claim only to withdraw it.