**Meenu GAIND, Plaintiff–Appellant,**

v.

**Robert Jacobus PIEROT Jr., Individually and in his Capacity as The Executor of the Estate of Robert Jacobus Pierot, Sr. and Robert Jacobus Pierot, Jr. In His Capacity as the Trustee to the Trust of Julie Pierot Ziegler for the Benefit of her son Dustin Ziegler, Edward Guinot Pierot, Felicia Pierot Choi Brody, Catherine Pierot Chen Zicherman, Angel Garcia Cordero, Pierot Enterprises, Inc., Palm Beach Trading, Inc., Anta Internacional Asesoramiento Financiero, S.L, Defendants–Appellees.**

No. 06–4789–cv.

United States Court of Appeals, Second Circuit.

July 10, 2008.

Meenu Gaind, New York, NY, pro se.

Joel W. Sternman (Julie Pechersky, of counsel), Katten Muchin Rosenman LLP, New York, NY, for Appellee.

PRESENT: ROGER J. MINER, JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

In 1999, plaintiff-appellant Meenu Gaind, acting through counsel, filed a complaint alleging multiple causes of action against a number of different defendants. The District Court dismissed Gaind's 1999 action with prejudice in 2001 based on Gaind's failure to respond in a timely manner to defendants' motion to dismiss. In 2004, Gaind, acting *pro se*, filed a complaint initiating the instant action. The District Court, noting that Gaind's 2004 complaint contained "precisely the same factual allegations" as her 1999 complaint, concluded that Gaind's claims against all defendants named in the 1999 complaint—that is, all defendants except Angel Garcia Cordero and Anta Internacional Asesoramiento Financiero, S.L ("Anta")—were barred by the doctrine of *res judicata*. *Gaind v. Pierot*, No. 04–cv–9407, 2006 WL 846268, at *3–4 (S.D.N.Y. Mar. 31, 2006). Accordingly, in an opinion issued on March 31, 2006, the District Court ordered final judgment to be entered in favor of all defendants except Anta and Cordero as to all of Gaind's claims. *Id.* at *8. On August 25, 2006, pursuant to a Rule 54(b) certification, final judgment was entered in accordance with the District Court's opinion.[1] Gaind now brings this *pro se* appeal. We assume the parties' familiarity with the underlying facts, procedural history, and issues raised on appeal.

*Res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys. v. United States*, 480 F.3d 621, 624 (2d Cir.2007) (internal quotation marks and alterations omitted). We review de novo a district court's application of these principles. *Id.*

The District Court's dismissal of Gaind's 1999 action for failure to answer defendants' motion to dismiss plainly satisfies the first and second requirements of *res judicata*. *See* Fed.R.Civ.P. 41(b) (providing that "[u]nless the dismissal order states otherwise," a dismissal based on the plaintiff's "fail[ure] to prosecute ... operates as an adjudication on the merits"). Review of the record indicates that Gaind's 1999 complaint is, indeed, virtually identical to her 2004 complaint with regard to the causes of action brought, the supporting facts alleged, and the defendants being sued. The third and fourth requirements of *res judicata*, therefore, have also been satisfied.

Having found no error in the District Court's identification of the appropriate law or the District Court's application of that law, we AFFIRM the judgment of the District Court.

---

1. The District Court also determined that Gaind had failed to state a claim against Cordero and Anta with respect to her causes of action for quantum meruit, unjust enrichment, equitable estoppel, breach of fiduciary duty, waste, and conversion—but that Gaind could proceed on her claims for fraud and fraudulent conveyance as long as she could re-plead these claims with sufficient specificity. *Gaind*, 2006 WL 846268, at *7–8. Because the District Court did not order final judgment to be entered as to Cordero and Anta, and Gaind has elected to amend her complaint against Cordero and Anta, we lack jurisdiction to review the portion of Gaind's appeal that challenges the District Court's dismissal of Gaind's claims against Cordero and Anta. *Cf. Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir.2006) (noting that, although "[a] dismissal with leave to amend is a non-final order and not appealable ... an appellant can render such a non-final order 'final' and appealable by disclaiming any intent to amend") (internal citations omitted).