13-3262
*Vargas v. Capital One Financial Advisors et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
     PIERRE N. LEVAL,
     SUSAN L. CARNEY,
       *Circuit Judges*,
     KATHERINE POLK FAILLA,
       *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IBELKA VARGAS, AND THE CLASS OF THOSE PERSONS SIMILARLY SITUATED,

       *Plaintiff-Appellant,*

    -v.-                 No. 13-3262

CAPITAL ONE FINANCIAL ADVISORS, AKA GREENPOINT SAVINGS BANK,
AKA GREENPOINT MORTGAGE FUNDING, COUNTRYWIDE BANK,
COUNTRYWIDE FINANCIAL CORPORATION, AKA COUNTRYWIDE HOME LOANS, INC.,
IBM LENDER BUSINESS PROCESS SERVICES, INC., SETERUS, BANK OF AMERICA, NA,

       *Defendants-Appellees.*[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption in this case to conform to the above listing of the parties.

**FOR PLAINTIFF-APPELLANT:**          Phillip Jaffe, New York, NY.

**FOR DEFENDANTS-APPELLEES:**         ANAND S. RAMAN, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, DC, *for* Capital One Financial Advisors.

Christine Burke Cesare and Scott Harris Kaiser, Bryan Cave LLP, New York, NY, *for* Countrywide Bank, Countrywide Financial Corporation, AKA Countrywide Home Loans, Inc., and Bank of America, NA.

Allison J. Schoenthal and Courtney Colligan, Hogan Lovells US LLP, New York, NY, *for* IBM Lender Business Process Services, Inc. and Seterus.

Appeal from an August 16, 2013 judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Ibelka Vargas appeals from the judgment of the District Court dismissing her complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). In 2012, Vargas brought this putative class action against Defendants-Appellees Capital One Financial Advisors ("Capital One"); Countrywide Bank; Countrywide Financial Corporation; Bank of America, NA; IBM Lender Business Process Services, Inc.; and Seterus (collectively, the "Lenders"). She alleged that the Lenders engaged in discriminatory residential mortgage loan practices in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; the Equal Credit Opportunity Act, 15 U.S.C. § 1691; and 42 U.S.C. §§ 1981 and 1982.

The District Court's dismissal rested on its determination that *res judicata* and a class settlement agreement barred Vargas's claims. Vargas is a member of the settlement class approved by the United States District Court for the Northern District of California in <u>Ramirez v. GreenPoint</u>

2

Mortgage Funding, Inc., No. 08-cv-00369 (TEH) (N.D. Cal. Apr. 12, 2011) ("Ramirez"). The Ramirez settlement class is party to a Settlement Agreement entered into in 2011 with GreenPoint Mortgage Funding ("GreenPoint"), the named defendant in the Ramirez litigation. GreenPoint was in 2006 acquired by Capital One, which succeeded to GreenPoint's interests in Vargas's first and second mortgage loans. As alleged in her complaint in the district court here, Vargas's first mortgage was thereafter successively acquired by the remaining Lenders, and her claims against those Lenders are derivative of her claim against Capital One. Vargas did not opt out of the Ramirez settlement class. The district court ruled, accordingly, that Vargas's claims against Capital One and the other Lenders were covered by *res judicata* and the release effected by the Settlement Agreement approved by the Ramirez court.[1]

On appeal, Vargas argues that the district court erred in applying *res judicata* principles to her claims, principally because of deficiencies Vargas perceives (1) in the delivery and substance of the Ramirez settlement class notice, and (2) in the representation provided by Ramirez class counsel. She also contends that *res judicata* does not bar the injunctive relief that she sought in the district court, under which her loan would be modified and the principal owed would be reduced. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review, to which we refer only as necessary to explain our decision to affirm.

"We review a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Fait v. Regions Financial Corp., 655 F.3d 105, 109 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

---

[1] Of the Defendants-Appellees, only Capital One Financial Advisors filed a brief in this appeal. To the extent that the claims against Capital One were correctly resolved by the district court's dismissal—as we hold they were—the claims against the remaining Lenders were also correctly dismissed.

(internal quotation marks omitted).  Most relevant here, we will "affirm the dismissal of a complaint for failure to state a claim based on the affirmative defense of res judicata if all relevant facts are shown by the court's own records, of which we can take judicial notice."  AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks omitted).

In Ramirez, class representatives alleged that GreenPoint used a pricing policy for residential mortgages that had a "widespread discriminatory impact on minority applicants for home mortgage loans, in violation of the [Equal Credit Opportunity Act] and the [Fair Housing Act]."  After three years of pretrial proceedings, Ramirez was resolved by a court-approved Settlement Agreement under which GreenPoint created a settlement fund of $14,750,000 for the benefit of the plaintiff class.  Of that amount, $3,687,500 (or 25%) was designated for class counsel's fees, and an additional $425,412.04 for costs actually incurred by counsel.  Pursuant to the release contained in the Agreement, members of the Ramirez plaintiff class were "deemed to have fully, finally and forever released all claims, causes of action, or liabilities . . . whether known or unknown . . . as alleged or as could have been alleged based upon the facts asserted in the Amended Complaint as to the Released Party."  D. Ct. Dkt. No. 24-3 at 9-10.  Section 2.23 of the Agreement defined the "Released Party" to include GreenPoint "as well as its current, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, representatives, successors, . . . and assigns and all persons acting for or on their behalf."  Id. at 4.

Notice of the proposed settlement was sent by first class mail to GreenPoint residential mortgage borrowers at the addresses listed in GreenPoint's records, which were updated using a national database of address changes compiled by the United States Postal Service.  On April 11, 2011, the district court issued its final approval of the settlement and dismissed the Ramirez action with prejudice.

4

Over one year later, in August 2012, Vargas filed the complaint at issue here, naming Capital One and the other Lenders as defendants, and alleging primarily violations of the Equal Opportunity Act and the Fair Housing Act. In 2013, the District Court dismissed her complaint, as described above.

Vargas, a Hispanic woman, obtained first and second mortgage loans on her New Jersey residence from GreenPoint in 2007. She does not dispute, accordingly, that she was a member of the Ramirez settlement class, or that with respect to her current claims regarding the Lenders' allegedly discriminatory conduct in making her mortgage loans, the Ramirez judgment satisfies the elements of *res judicata*: it was a final judgment on the merits, by a court of competent jurisdiction, in a case involving the same parties or their privies, and involving the same causes of action. See EDP Med. Computer Sys. Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007).

Instead, she invokes the Due Process Clause of the Constitution in an attempt to free herself of *res judicata* and the binding elements of the settlement. Vargas argues that the Ramirez judgment should not preclude her from prosecuting this suit because, in her view, the class representatives were conflicted, and class counsel's services and the notice provided to settlement class members were inadequate. See Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc., 439 F.3d 165, 171 (2d Cir. 2006) ("[A]n absent party denied [adequate] representation [can] collaterally attack [a] class action judgment."); Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 (1985) (holding that a class action judgment awarding money damages will not bind an absent plaintiff without adequate notice).

Vargas argues that class counsel in Ramirez was inadequate because (as she alleges) they colluded with GreenPoint, accepting a grossly insufficient settlement award in exchange for exorbitant attorneys' fees. Vargas did not raise her claim of collusion in the District Court

5

proceedings, however. "[P]erceiving that no miscarriage of justice will result," Burnette v. Carothers, 192 F.3d 52, 58 (2d Cir. 1999), we conclude that Vargas has waived her argument claiming collusion. Treating the broader issue of counsel's adequacy as preserved, we are not persuaded by Vargas's argument. A settlement award that might seem low in comparison to an award of attorneys' fees and costs—and this one, with fees amounting to 25% of the total award, does not strike us as particularly disproportionate—does not on its own establish any inadequacy of class counsel. Neither does an award that seems low in comparison to the amount of damages that a plaintiff speculates a class may suffer. We assess the adequacy of class counsel not by the results counsel achieves, but rather by determining whether they are "qualified, experienced and generally able to conduct the litigation." In re Joint Eastern and Southern Dist. Asbestos Litig., 78 F.3d 764, 778 (2d Cir. 1996) (internal quotation marks omitted). Vargas has made no showing that class counsel failed to meet this standard. Thus, for these reasons and for those articulated by the District Court in its Memorandum Order, we comfortably conclude that class counsel in Ramirez was adequate, and we reject this aspect of Vargas's collateral attack.

Vargas also challenges the Ramirez settlement by claiming that she received inadequate notice of it and its terms, both because of the method used to deliver the notice and the notice's substance. When a class settlement is proposed, the court "must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Rule 23(e)(1). In addition to being sent by an adequate physical delivery method, Phillips Petroleum Co., 472 U.S. at 798, a settlement notice "must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings," Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 114 (2d Cir. 2005) (internal quotation marks omitted).

The Ramirez court directed that class notice be sent by first class mail to every prospective member of the settlement class at addresses (as noted above) derived from GreenPoint's records. While Vargas denies actually receiving the notice, she does not dispute that notice was mailed to the correct address and that, as GreenPoint avers, it was not returned to the sender as undeliverable. Here, the District Court concluded that the delivery method approved by the Ramirez court was reasonable, and Vargas has not advanced a credible argument that the method was not reasonable. Nor does she claim that she opted out of the settlement, as the notice advised was her right.

Rather, Vargas presses her charge that the notice was substantively inadequate because it failed, *inter alia*, to affirmatively advise members who are not satisfied with the settlement to opt-out of the settlement and hire an attorney to pursue their "true damages." Appellant's Br. at 21. It was further inadequate, Vargas maintains, because it did not set forth what Vargas calculates to be the damages sustained by each class member over the full term of his or her mortgage. But Vargas cites no authority for the propositions that a class notice need give legal advice to class members or provide speculative calculations of defendants' potential exposure to be sufficient under Rule 23. For these reasons and for those articulated by the District Court in its Memorandum Order, therefore, we easily reject Vargas's contention regarding the substantive adequacy of the class notice.

Finally, Vargas contends that the District Court erred in dismissing her fourth cause of action, which she claims was unaffected by Ramirez as a matter of either *res judicata* or the settlement release. In this claim, Vargas appears to have sought reformation of at least one of her mortgages to reduce the principal amount due, in line with an offer allegedly made by Bank of America. Because the "events constituting the asserted injury are the same in this case as in its predecessor[]," and "all the facts necessary to support the claims before us now were pleaded, or could have been pleaded, in the first action," In re Teltronics Services, Inc., 762 F.2d 185, 193 (2d Cir. 1985), we find

no error in the District Court's dismissal of the fourth cause of action, too, on the basis of the settlement release and *res judicata.*

## CONCLUSION

We have reviewed Vargas's remaining arguments on appeal, and find them to be without merit. For the reasons set forth above, we **AFFIRM** the August 16, 2013 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court