15-4-cv
Houdet v. Brewer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand sixteen.

PRESENT: REENA RAGGI,
　　　　　RICHARD C. WESLEY,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------------

STEPHANE HOUDET, ALAN JOEL RICH,
　　　　　　　　*Plaintiffs-Appellants*,

　　　　　　v.　　　　　　　　　　　　　　　　No. 15-4-cv

DAVID BREWER, DAVID SCHOBEL, UNITED STATES TENNIS ASSOCIATION, JEREMIAH YOLKUT, DANIEL MALASKY, HARLAN STONE, CHRIS WIDMAIER, GORDON SMITH, JOHN AND JANE DOE (employees, agents and servants of Defendant USTA whose names are unknown),
　　　　　　　　*Defendants-Appellees*.

------------------------------------------------------------------------

Appearing for Appellant:　　　　　ALAN JOEL RICH, Esq., Brooklyn, New York (Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, New York, *on the brief*).

1

Appearing for Appellees:    Jeffrey Ian Carton (Joanna Frances Sandolo, *on the brief*), Denlea & Carton LLP, White Plains, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 4, 2014, is AFFIRMED.

Plaintiffs Stephane Houdet and Alan Joel Rich, who sue the United States Tennis Association ("USTA") and certain of its employees for disability discrimination and retaliation in violation of federal and state law, see Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327, codified as amended at 42 U.S.C. §§ 12101–12213; New York State Human Rights Law, N.Y. Exec. Law §§ 290–301, here appeal from the dismissal of their claims on the grounds of res judicata. See Houdet v. United States Tennis Ass'n, No. 13-CV-5131 FB LB, 2014 WL 6804109, at *1 (E.D.N.Y. Dec. 3, 2014) (finding preclusive Houdet v. United States Tennis Ass'n, No. 22704/2009 (N.Y. Sup. Ct. Aug. 13, 2013) (granting summary judgment to USTA)). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The application of res judicata is a matter of law that we review de novo. See EDP Med. Comput. Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). "Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action

2

precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (alteration in original) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Plaintiffs argue that res judicata does not apply here because the cited state court decision reached claims that were not raised in that action and that plaintiffs did not have a full and fair opportunity to litigate. Further, plaintiffs argue that, insofar as the state court granted judgment for USTA's actions up to 2009, that should not bar claims of discrimination and retaliation for actions after 2009. Plaintiffs failed not only to raise these arguments before the district court, but also to file any opposition at all to defendants' motion to dismiss, despite receiving no less than four extensions. We have held repeatedly that an argument not raised before the district court is forfeited on appeal. See, e.g., New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 662 (2d Cir. 2015); Zalaski v. City of Hartford, 723 F.3d 382, 395 (2d Cir. 2013). While "we may . . . exercise our discretion to consider an issue raised for the first time on appeal where the argument presents a question of law and there is no need for additional fact-finding," Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L., 790 F.3d 411, 422 (2d Cir. 2015) (internal quotation marks omitted), plaintiffs have offered no compelling reason for us to do so. Indeed, their failure to comply with this court's procedures in a timely fashion—for which they have already had their appeal dismissed and reinstated, and then lost the opportunity to file a reply brief—leaves us ill-inclined to do so.

3

Accordingly, we hold that plaintiffs have forfeited their right to appeal the district court's dismissal of their complaint.   The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court