SUMMARY ORDER
Neal Eugene Wiesner appeals from a January 30, 2007, 2007 WL 211083, judgment of the district court dismissing his complaint, brought under 42 U.S.C. § 1983, against defendants, five justices of the New York State Supreme Court Appellate Division, First Department, who have denied his motions for leave to renew his application for admission to practice as an attorney in the State of New York. Wiesner has two felony convictions for crimes committed twenty-five years ago. In 1995, Wiesner was first denied admission to the bar by the First Department after its Committee on Character and Fitness failed to approve his application, based on the majority report of a subcommittee that conducted three days of hearings. Since 1995, Wiesner has moved to renew his application for admission to the First Department on eight occasions. The First Department has denied his motion each time, most recently in March 2006. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
This is Wiesner’s second Section 1983 challenge to his denial of admission to the New York state bar. His first challenge was dismissed by the district court in 1998. Wiesner v. Rosenberger (“Wiesner I”), No. 98 Civ. 1512, 1998 WL 695927 (S.D.N.Y. Oct. 6, 1998). In Wiesner I, the district court held that it lacked jurisdiction to review Wiesner’s as-applied challenges to the New York rules governing attorney admissions under Rooker-Feldman doctrine. Id. at *2 (citing Rooker v. *486 Fidelity Trust Co., 263 U.S. 413, 414-15, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 468-70, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)). The district court dismissed Wiesner’s remaining general challenges to the rules for failure to state a claim under Section 1983. Id. at *5-6. We affirmed the district court’s dismissal in an unpublished summary order dated November 1, 1999.
Wiesner filed his second federal complaint in 2006, bringing general challenges to substantially the same New York rules for attorney admission that he had challenged in 1998. N.Y. Jud. Law § 90(1); N.Y.C.P.L.R. 9404, N.Y. Comp.Code R. & Regs. tit. 22, § 520.11. The district court granted defendants’ motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, holding that Wiesner’s claims were barred by res judicata or failed as a matter of law. Wiesner v. Nardelli (“Wiesner II”), No. 06 Civ. 3533, 2007 WL 211083, at *5 (S.D.N.Y. Jan. 29, 2007).[1]
We review de novo a district court’s application of principles of res judicata, EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir.2007), and dismissal of claims pursuant to Rule 12(b)(6), Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir.2002).
Wiesner argues that res judicata does not bar his claims because his 2006 action is based on facts not extant at the time of Wiesner I. “The doctrine of res judicata, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.” Monahan v. New York City Dep’t of Corr., 214 F.3d 275, 284 (2d Cir.2000) (quotation marks omitted). “In deciding whether a suit is barred by res judicata, [i]t must first be determined that the second suit involves the same claim or — nucleus of operative fact — as the first suit.” Channer v. DHS, 527 F.3d 275, 280 (2d Cir.2008) (quotation marks omitted).
The facts essential to Wiesner’s 2006 action were present in his 1998 action. Wiesner points to a 2004 letter from a member of the Appellate Division, First Department’s Committee on Character and Fitness, submitted on behalf of Wiesner’s renewed application to the bar. Wiesner also points to allegations that, after his 1998 action, the Second and Third Judicial Departments admitted ex-offenders with more egregious criminal backgrounds than his own. Although these facts could be helpful to an as-applied challenge,[2] Wiesner cannot claim they are “essential” to any general challenge to the statute, which must rely on the facial validity of the rules in question. See Irish Lesbian and Gay Organization v. Giuliani, 143 F.3d 638, 646 (2d Cir.1998) (where rules had not changed since prior action, any new claims regarding facial validity of rules were available at time of prior action, and thus precluded by principles of res judicata).
With respect to his First Amendment claims of vagueness and overbreadth, Wiesner brought those same claims as a Due Process challenge in 1998. Because the claims could have been brought as First Amendment arguments in 1998, they are now barred by res judicata. Mona *487 han, 214 F.3d at 284. The district court properly dismissed these claims on the ground that the U.S. Supreme Court has upheld New York’s character and fitness regulations against a similar First Amendment vagueness and overbreadth challenge. Law Students Civil Rights Research Council, Inc. v. Wadmond, 401 U.S. 154, 159, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971).
Wiesner also argues that the district court erred in dismissing, on the merits, his claim that the Appellate Division’s failure to give reasons for denying an application to the bar violates Due Process. Initially, we note that the district court could have dismissed this claim on res judicata grounds, because Wiesner could have raised it in his 1998 action. Indeed, Wiesner brought an as-applied challenge to the statute on such grounds in 1998. Wiesner II, 2007 WL 211083, at *3 n. 9.
However, there was no error in the district court’s dismissal of the claim on the merits. Wiesner cites Willner v. Committee on Character and Fitness, 373 U.S. 96, 105, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963) for the proposition that he was entitled to “notice of and a hearing on the grounds for his rejection either before the Committee or before the Appellate Division.” But Wiesner does not dispute that first-time applicants for the New York bar are provided with a hearing before the Committee on Character and Fitness and a statement of reasons in the event that the Committee recommends denial of their applications. N.Y. Comp.Code R. & Regs, tit. 22, § 602.1(7). Wiesner’s argument boils down to the claim that due process forbids the Appellate Division from summarily adopting the Committee’s report or dismissing successive applications for admission to the bar, even though the applicant was already provided with all the process that was due. No authority supports this proposition. Moreover, we note that in Wiesner’s case, the March 2006 order denying his motion for leave to renew his application for admission makes clear that the First Department does not regard his personal circumstances as having changed to a sufficient degree to warrant reconsideration of its initial decision.
Additionally, Wiesner argues that the district court erroneously denied his Due Process claim that the Appellate Division fails to provide applicants with law assistants’ reports prepared for Justices of the Appellate Division, while Committee members do have access to those reports. Setting aside the questions of whether this claim was properly preserved, or whether the Committee members do in fact have access to those reports, the district court did not err in dismissing the claim. The Committee on Character and Fitness is an arm of the Appellate Division, see N.Y. Jud. Law § 90(1); N.Y. Comp.Code R. & Regs. tit. 22, § 602.1, and thus, due process is not violated because it may have access to internal court documents, which are the equivalent of bench memoranda.
Finally, Wiesner argues for declaratory relief under Section 1983 on the ground that his factual assertions demonstrate bias on the part of defendants. To the extent that Wiesner is seeking an order forbidding defendants from adjudicating his future applications, his claim is one for injunctive, not declaratory relief. Wiesner cannot raise this claim because, as he concedes, he expressly waived it in the district court.’ See Appellant’s Rep. Br. at 8. To the extent that Wiesner seeks a declaration of the facial invalidity of the New York rules, or that his federal or state rights have been violated, the underlying claims were properly dismissed by the district court, and there is no independent ground for granting such declaratory relief.
*488 We have reviewed Wiesner’s remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court hereby is AFFIRMED.

. Wiesner also brought related state-law claims. The district court declined to exercise supplemental jurisdiction over those claims, a decision which is not challenged on appeal. Id. at *6.

. Wiesner expressly abandoned all as-applied challenges to the rules in the district court. Wiesner II, 2007 WL 211083, at *5.