17-1905-cv
*KIPP v. United Federation of Teachers*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

\Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand eighteen.

PRESENT:   GUIDO CALABRESI,
           JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,

                    *Circuit Judges.*

_____

KIPP ACADEMY CHARTER SCHOOL,

                *Plaintiff-Appellant*                    17-1905-cv

                    v.

UNITED FEDERATION OF TEACHERS, AFT NYSUT, AFL-CIO,

                *Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**                 MICHAEL P. COLLINS, Bond, Schoeneck
                                             & King PLLC, New York, NY.

**FOR DEFENDANT-APPELLEE:** ORIANA VIGLIOTTI (Jennifer A. Hogan, *on the brief*), Law Office of Robert T. Reilly, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 19, 2017 judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant KIPP Academy Charter School ("plaintiff" or "KIPP") appeals from the District Court's order granting the motion of Defendant-Appellee United Federation of Teachers, AFT NYSUT, AFL-CIO ("defendant" or "UFT") to dismiss KIPP's complaint under Federal Rule of Civil Procedure 12(b)(1) on the ground that the District Court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

KIPP, a charter school in the South Bronx neighborhood of New York City, was created in 2000 pursuant to New York's Charter Schools Act. Principally at issue in the dispute between KIPP and the UFT is whether the employment policies and practices applicable to other New York City public school teachers under the UFT's collective bargaining agreement ("CBA") with the New York City Department of Education applies to KIPP teachers, or whether the school operates independently.

KIPP has claimed its independence from the UFT for quite some time. In 2009, its teachers filed a petition with the Public Employment Relations Board ("PERB") in which they sought to formally establish that UFT did not represent KIPP teachers, and that the terms of the UFT CBA did not apply to KIPP teachers. PERB rejected this petition, and KIPP has since remained under the purview of the UFT.[1] KIPP's attempts at dissociation from the UFT stem from its stated fear that inclusion within the UFT would compromise the school's distinct approach to education, and would alter the pay and working conditions of KIPP teachers.

---

[1] The PERB's decision "sustained automatic, non-consensual representative status to the UFT in relation to KIPP teachers under New York Law." Appellant Br. at 13.

In June 2016, the UFT alleged that KIPP had committed 18 different violations of 10 provisions of the CBA. After KIPP continued to assert that it was not subject to the CBA's prescribed methods of dispute resolution, the UFT served a demand for arbitration under New York State law and American Arbitration Association ("AAA") rules. The CBA mandates that any dispute not resolved by the UFT's prescribed grievance process must be resolved by arbitration. KIPP then filed a petition in New York State Supreme Court seeking a stay of the arbitration on the ground that it was not subject to the terms of the UFT's CBA. It also sought a temporary restraining order delaying the arbitration until its petition could be heard on the merits.

The New York State Supreme Court dismissed KIPP's petition and declined to sign KIPP's temporary restraining order. KIPP then filed suit in United States District Court, seeking a declaratory judgment that the school is not subject to the CBA, and seeking the same stay of arbitration.[2] The District Court dismissed the complaint pursuant to the *Rooker-Feldman* doctrine, which prohibits a litigant from seeking to reverse an adverse state court judgment by filing suit in federal court. The District Court held that KIPP's federal complaint ran afoul of *Rooker-Feldman* because it essentially sought review of the New York State Supreme Court's decision to decline to stay the arbitration. In addition to *Rooker-Feldman*, the UFT also claimed that KIPP's complaint was barred under the doctrines of issue and claim preclusion. The District Court did not reach those arguments, finding *Rooker-Feldman* a sufficient basis for dismissal.

**DISCUSSION**

When reviewing the district court's dismissal of a complaint for lack of subject matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo,* accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States,* 690 F.3d 78, 84 (2d Cir. 2012). It is well-settled that we "may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006).

The *Rooker-Feldman* doctrine directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court; (2) the plaintiff complains of injuries

---

[2] The essence of KIPP's district court action is that the UFT's insistence on arbitration is unlawful because the New York State law under which it purports to act is preempted by the National Labor Relations Act ("NLRA"). KIPP further contends that under the NLRA, KIPP cannot be deemed a party to a UFT CBA to which it never agreed, and the UFT cannot be deemed to be the lawful collective bargaining representative of KIPP teachers.

caused by the state court judgment; (3) the plaintiff invites district court review of that judgment; and (4) the state court judgment was entered before the plaintiff's federal suit commenced. *McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir. 2010); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) (explaining the *Rooker-Feldman* doctrine).

## I.

KIPP argues that the District Court erred in dismissing its complaint pursuant to the *Rooker-Feldman* doctrine because not all four of the doctrine's prerequisites were met. KIPP contends that its federal complaint did not allege that the New York state court caused its injury, and thus the District Court mistakenly found that the second prong of *Rooker-Feldman* was satisfied. We agree with KIPP that the District Court misapplied the *Rooker-Feldman* doctrine.

KIPP relies on *Hoblock v. Albany County Board of Elections,* our leading case defining the contours of *Rooker-Feldman,* and notes its holding that the doctrine "does not deprive a District Court of subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." 422 F.3d 77, 86 (2d Cir. 2005). If the injury complained of is "simply ratified, acquiesced in, or left unpunished" by the state court, the injury claimed in federal court is not directly caused by the state court judgment, and *Rooker-Feldman* does not bar the federal suit. *Hoblock* at 88. KIPP thus correctly contends that "a plaintiff who seeks in federal court a result opposed to the one he achieved in state court does not, for that reason alone, run afoul of *Rooker-Feldman.*" *Id.* at 87.

KIPP did not complain of injuries caused by the state court judgment, but merely reasserted claims already adjudicated in the state proceedings. The injury complained of by KIPP in the complaint—the UFT's attempt to force KIPP into arbitration—pre-dated the state court's dismissal of KIPP's petition and its denial of KIPP's request for a TRO. Moreover, under *Hoblock*, the state court's decision to deny KIPP's requested stay of arbitration did not constitute a new injury, but was rather a mere ratification of the UFT's injurious action to compel arbitration. Put another way, the injury of which KIPP complains was not "produced by [the] state-court judgment," but was instead produced by the UFT; had no petition or TRO ever been filed in state court, KIPP would still have to contend with the same injury. *See id.* at 88. As such, *Rooker-Feldman*'s second prong was not satisfied. Dismissal of KIPP's complaint was nevertheless appropriate because, though not barred by *Rooker–Feldman*, the complaint was issue and claim-precluded by the state court decision.

## II.

Because the Full Faith and Credit Act, 28 U.S.C. 1738, requires federal courts to accord state judgments the same preclusive effect those judgments would have in the courts of the rendering state, we apply New York preclusion law. Under New York law, *res judicata,* or claim preclusion,

4

"bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (internal quotation marks omitted).

KIPP's federal complaint is barred by *res judicata*. The state court decision was a final judgment on the merits. The New York State Supreme Court was a court of competent jurisdiction for the relief KIPP sought. The same two parties, KIPP and the UFT, are named in both the state and federal actions. And, as already noted, the same causes of action are set forth in both the state court petition and federal complaint. In fact, some of the language used in the two documents is identical. Though KIPP asserts that it brings a unique claim—a request for declaratory judgment—in federal court, this claim is unique in name only. KIPP is still asking the District Court to revisit the state court's denial of the stay of the UFT's demand for arbitration. "[W]hen the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*." *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980) (emphasis added). The state court's issuance of a decision on the merits is binding upon subsequent litigation between the parties, and required dismissal of KIPP's federal suit.

## CONCLUSION

We have considered KIPP's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5