18-2668-cv
*Whelehan v. Bank of Am. Benefit Appeals Comm.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand nineteen.

PRESENT: AMALYA L. KEARSE,
RICHARD C. WESLEY,
DENNY CHIN,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

KATHLEEN WHELEHAN,
            *Plaintiff-Appellant,*

            v.                                          18-2668-cv

BANK OF AMERICA BENEFIT APPEALS
COMMITTEE, BANK OF AMERICA, BANK
OF AMERICA PENSION PLAN FOR
LEGACY COMPANIES -- FLEET --
TRADITIONAL BENEFIT,
            *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFF-APPELLANT:          MICHAEL T. HARREN, Trevett Cristo P.C., Rochester, New York.

FOR DEFENDANTS-APPELLEES:          FALLYN BETH CAVALIERI, Gerber Ciano Kelly Brady LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Kathleen Whelehan appeals the district court's August 15, 2018 judgment dismissing her complaint, which alleges that defendants-appellees Bank of America Benefit Appeals Committee, Bank of America, and Bank of America Pension Plan for Legacy Companies -- Fleet -- Traditional Benefit (the "Plan") (collectively, "BoA") improperly denied her retirement benefits in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").   By decision and order entered August 14, 2018, the district court granted BoA's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss under [Rule] 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor."   *Testa v. Becker*, 910 F.3d 677, 682 (2d Cir.

2

2018) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face." *Id.*

## I. *Procedural History*

Whelehan's attempts to receive benefits under the Plan have been ongoing for approximately eight years. In 2011, Whelehan first inquired about benefits purportedly owed to her under the Plan by virtue of her employment with Security Trust Co. of Rochester, a predecessor of Bank of America. BoA responded that it had no record of her participation in the Plan but that she could fill out an enclosed "Prior Employment Questionnaire" and return it with documentation of her benefit. Whelehen submitted the questionnaire with certain documents. On September 1, 2011, BoA replied that it had "no record of a vested pension benefit" and, accordingly, that "there [was] no deferred vested pension benefit payable to you from the Plan." App'x at 38.

On October 27, Whelehan responded by seeking review of the denial with additional documents in support of her claim. On November 17, BoA replied that it was treating Whelehan's letter as a formal claim for benefits under the Plan's claims procedure and disclosed the claims process. *See Whelehan v. Bank of Am. Pension Plan for Legacy Cos. -- Fleet -- Traditional Benefit* ("*Whelehan I*"), 5 F. Supp. 3d 410, 415 (W.D.N.Y. 2014). On February 7, 2012, BoA confirmed to Whelehan that it was denying her claim because she failed to show a vested benefit in the Plan. *Id.* The

3

letter noted that Whelehan had 60 days to appeal the decision and to submit new evidence and warned her that the Benefit Appeals Committee's review "shall be final and binding" and that "[f]ailure to raise issues or present evidence on review may preclude those issues or evidence from being presented in any subsequent proceeding or judicial review of the claim." *Id.* (internal quotation marks omitted). Whelehan appealed the denial to the Benefit Appeals Committee, submitting two new documents. *Id.* BoA denied the final appeal and informed Whelehan that she could seek review in federal court. *Id.* at 416.

Whelehan thereafter brought suit in the United States District Court for the Western District of New York challenging BoA's determination as arbitrary and capricious. On March 17, 2014, after the close of discovery, the district court (Telesca, *J.*) upheld the Plan's determination and granted summary judgment in favor of defendants. *Id.* at 424-25. Whelehan moved for reconsideration, and the district court denied the motion with prejudice. *Whelehan v. Bank of Am. Pension Plan for Legacy Cos. -- Fleet -- Traditional Benefit*, No. 12-cv-6279, 2014 WL 4285028 (W.D.N.Y. Aug. 29, 2014). On October 30, 2015, this Court affirmed the district court's ruling. *Whelehan v. Bank of Am. Pension Plan for Legacy Cos. -- Fleet -- Traditional Benefit*, 621 F. App'x 70, 72 (2d Cir. 2015) (summary order), *cert. denied*, 136 S. Ct. 2463 (2016).

On December 21, 2016, approximately six months after her petition for a writ of certiorari was denied by the Supreme Court, Whelehan submitted a new claim

4

to benefits in the Plan supported by new documentation.   Whelehan received no response to this 2016 request.   On August 18, 2017, Whelehan commenced the present suit, alleging wrongful denial of benefits, failure to follow claims procedures, failure to produce documents, and breach of fiduciary duty.

## II.   *Discussion*

This Court is "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *Leecan v. Lopes*, 893 F.2d 1434, 1439 (2d Cir. 1990); *see, e.g., Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995).   As Whelehan acknowledges, her claim in *Whelehan I* was brought as an appeal of a denial of benefits and resulted in a final judgment on the merits.   To the extent Whelehan seeks to relitigate her claim for benefits, she is barred from doing so by res judicata.   *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499 (2d Cir. 2014).   Under the doctrine of res judicata, or "claim preclusion," a final judgment on the merits of a claim precludes the parties relitigating that claim.   *See id.*; *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).   Upon such a final judgment, res judicata bars further litigation of that claim, not only with respect to every matter that was offered and received but also with respect to any other matter that the parties had a full and fair opportunity to offer for that purpose.   *See Manhattan Eye Ear & Throat Hosp. v. NLRB*, 942 F.2d 151, 155-56 (2d Cir. 1991).   These principles

are applicable to claims under ERISA.   *See Nemaizer v. Baker*, 793 F.2d 58, 60-61 (2d Cir. 1986).

All of Whelehan's claims as to BoA's 2017 failures to respond or provide documents, and its alleged failure to administer the Plan solely in the interest of participants, are relevant only if Whelehan was a Plan participant during the period for which she seeks (and previously sought) benefits.   These claims in the present litigation were properly dismissed because Whelehan had already litigated her claim to the same pension benefits and had failed to establish that, at the time relevant to her claim to benefits, she was a Plan participant.   *See Whelehan*, 621 F. App'x at 73 n.4. Accordingly, Whelehan's complaint fails to state a plausible claim for relief, and the district court properly granted BoA's motion to dismiss.

\*     \*     \*

We have considered all of Whelehan's remaining arguments and find them to be without merit.   For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court