## Handl N.Y. LLC v Identity Group LLC

2025 NY Slip Op 30169(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 655018/2023

Judge: Andrew Borrok

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

------------------------------------------------------------------------------X

HANDL NEW YORK LLC, ALLEN HIRSCH,

|  |  |
|---|---|
| **INDEX NO.** | 655018/2023 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 07/05/2024 |

- v -

THE IDENTITY GROUP LLC, NICK VARANO, PETER
GIZZI, BRAD SATZ

|  |  |
|---|---|
| **MOTION SEQ. NO.** | 002 |

Defendant.

**DECISION + ORDER ON
MOTION**

------------------------------------------------------------------------------X

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 002) 29, 30, 31, 32, 35,
36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for          SUMMARY JUDGMENT(AFTER JOINDER          .

Upon the foregoing documents, the plaintiffs' motion (i) for summary judgment for the relief

requested in their complaint - $2,459,213.25 (plus interest and attorneys' fees) due under a

certain Guaranty (the **Guaranty**; NYSCEF Doc. No. 5), dated October 31, 2018, by Brad Satz,

Nicola Varano and Peter Gizzi (collectively, with The Identity Group LLC [**TIG**], the

**Guarantors**) in favor of Allen Hirsch, (ii) to strike each of the defendants' 22 affirmative

defenses, and (iii) to dismiss each of the defendants' six counterclaims is GRANTED.

The defendants' opposition styled as a cross-motion for discovery is DENIED.

### I.      The Relevant Facts and Circumstances

Reference is made to a certain Agreement of Handl New York, LLC (**Handl**), dated as of

October 31, 2018 (the **Operating Agreement**; NYSCEF Doc. No. 19), pursuant to which Mr.

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**
**Motion No.  002**

Page 1 of 7

1 of 7

Hirsch and TIG undertook to manage Handl. TIG was granted an initial 1% equity in Handl, which percentage would rise and vest according to a certain Schedule B (NYSCEF Doc. No. 19 at 44). As part of the consideration to induce Mr. Hirsch to enter into the Operating Agreement, Mr. Brad Satz, Nicola Varano, Peter Gizzi (the principals of TIG), and TIG executed the Guaranty. The Guaranty is attached to the Operating Agreement as Schedule G. The Guaranty is an absolute, irrevocable, and unconditional payment guaranty:

> 1. Guaranty. Guarantors hereby absolutely, irrevocably and unconditionally guaranty the **due and punctual performance when due of all agreements and obligations of the Company (including, without limitation, any obligation for the payment of money**) in connection with the operation of the Business, including, but no limited to, obligations of the Company under any of its contracts (**including manufacturing, distribution, warehousing and sales agreements**) and the other obligations of the Company that are the responsibility of TIG under the Agreement and/or the Agreed Terms and Conditions (collectively referred to as the "Guaranteed Obligations").

> 2. Guaranty of Payment and Not of Collection. This Guaranty is a guaranty of **performance and payment**, and not of collection, and an obligation and debt of Guarantors for their own account. The Company shall not be obligated or required before enforcing this Guaranty against Guarantors to pursue any right or remedy the Company or Hirsch may have against third parties or commence any suit or other proceeding against such third parties in any court or other tribunal

(*id.* §§ 1-2 [emphasis added]). The Guaranty includes a broad waiver provision, pursuant to which the Guarantors waived, among other things, notice of acceptance or presentment, demand, protest or notice of any kind and otherwise waived their right to dispute amounts due or owing:

> 4. Waivers. The Guarantors, to the fullest extent permitted by applicable law, hereby waive notice of acceptance hereof or any presentment, demand, protest or notice of any kind, and any other act or thing, or omission or delay to do any other act or thing, which in any manner or to any extent might increase the risk of Guarantors or which otherwise might operate to discharge Guarantors from their obligations hereunder and hereby waive all rights the Guarantors may now or in the future have under any statute relating to sureties or otherwise related to the foregoing waiver. Any right which at any time the Guarantors have under existing or future laws to require that recourse be had to the assets of any other Person before any claim is enforced against the Guarantors in respect of the Guaranteed Obligations hereby assumed by the Guarantors are hereby abandoned and waived. Guarantors agree that if at any time Hirsch or the Company sues Guarantors in respect of this Guaranty and the Company is not sued also, the Guarantors shall not claim

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**                    **Page 2 of 7**
**Motion No.  002**

2 of 7

[* 2]

that the Company must be made a party to the proceedings. Guarantors agree to be bound by this Guaranty whether or not it is made a party to legal proceedings for the recovery of any amount due or owing to the Company or Hirsch and whether the formalities required by any law whether existing now or in the future in regard to the rights or obligations of sureties shall or shall not have been observed

(*id*. § 4). The Guarantors agreed to guaranty personally all obligations of Handl until the date on which a certain "TIG Interim Performance Test Satisfaction" occurs, i.e., when purchase orders net of returns for which TIG is responsible reach $15 million (*id.* § 8; NYSCEF Doc. No. 19 §§ 1.89, 1.91). Mr. Hirsch states in his affidavit that this requirement was never satisfied:

20. Paragraph 8 of the Guaranty provides that it remains in effect until the date of "TIG Performance Test Satisfaction."

Term of Guaranty. This Guaranty shall be and remain in effect as to all Guaranteed Obligations arising or accruing or becoming owing at any time or times prior to, but not after, the date of TIG Interim Performance Test Satisfaction.....

21. Section 1.89 of the HANDL Operating Agreement provides that the date of "TIG Interim Performance Test Satisfaction" is the date "[w]hen TIG Sales are $15 million in the aggregate."

22. Those sales and that date have not yet been achieved

(NYSCEF Doc. No. 3 ¶¶ 20-22).

As relevant to this case, Handl filed for bankruptcy on June 31, 2021, under Chapter 11 of the Bankruptcy Code and submitted a Voluntary Petition for Non-Individuals Filing for Bankruptcy in the United States Bankruptcy Court for the District of Delaware (the **Petition**; NYSCEF Doc. No. 22 at 2). The Petition listed the at-issue Operating Agreement as an executory contract under Schedule G (*id.*). In the Debtor's Third Amended Plan of Reorganization (the **Plan;** NYSCEF Doc. No. 45), however, the Debtor's rights to enforce the Guaranties were explicitly preserved, despite rejection of the Operating Agreement:

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**
**Motion No.  002**

**Page 3 of 7**

3 of 7

[* 3]

1. The Debtor's Operating Agreement, to which it was a party with Mr. Hirsch and TIG. This agreement shall be deemed rejected by confirmation of the Plan, effective as of the Effective Date; provided, however, *that the rejection shall not affect (i) the Debtor's rights to enforce the Guaranties (as defined below), and (ii) the rights between and among any non-debtor parties under the agreement.* Notwithstanding the foregoing, the Debtor may assume the Operating Agreement instead of rejecting it, by motion filed on or before the Confirmation Date

(NYSCEF Doc. No. 24 at 26 [emphasis added]).

The plaintiffs brought a motion pursuant to CPLR 3213 for summary judgment in lieu of complaint to enforce the Guaranty and collect on various debts arising from or related to the bankruptcy proceeding, to wit (i) "Post-Petition Administrative Expenses" in the amount of $234,594.67, (ii) "Secured Claims" in the amount of $442.113.00, and (iii) "General Unsecured Claims" in the amount of $1,782,505.58 (NYSCEF Doc. No. 3 ¶ 26).

By Decision and Order of this Court (the **Prior Decision;** NYSCEF Doc. No. 27), dated May 24, 2024, the Court (i) denied the plaintiffs' motion for the reasons set forth therein (citing *PDL Biopharma, Inc. v Wohlstadter*, 147 AD3d 494, 495 [1st Dept 2017]), (ii) converted the matter to a plenary action, (ii) denied the defendants' cross-motion to dismiss, (iv) deemed the plaintiffs' moving papers to be the complaint in the action, and (v) directed the defendants to file an answer. In the Prior Decision the Court explained:

[t]he defendants raise numerous arguments in favor of dismissal. They are all unavailing. On the record before the court, the Plan was confirmed in June of 2022 (NYSCEF Doc. No. 7). As an independent matter, the bankruptcy court does not have exclusive subject matter jurisdiction over this case. To the contrary, the Bankruptcy Order acknowledged that the bankruptcy court "shall retain jurisdiction in accordance with the terms of the Plan" (NYSCEF Doc. No. 7, ¶ 22). The Plan, in turn, specifically states that the bankruptcy court would have only non-exclusive jurisdiction over enforcement of the Guaranty (NYSCEF Doc. No. 24, § 2.5[j]). The defendants' argument based on Section 6.4(iv) of the Plan's general jurisdictional clause is thus unavailing. Lastly, dismissal

655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL                    Page 4 of 7
Motion No.  002

4 of 7

based on their arguments (i) that the Guaranty is substantively unconscionable (it is not) or (ii) that Mr. Hirsch breached the Operating Agreement by virtue of the Termination Letter (NYSCEF Doc. No. 20) also fails

(NYSCEF Doc. No. 27 at 6-7).

## II.    Summary Judgment is Granted

Summary judgment shall be granted only when the movant presents evidentiary proof in admissible form that there are no triable issues of material fact and that there is either no defense to the cause of action or that the cause of action or defense has no merit (CPLR § 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).  The proponent of a summary judgment motion carries the initial burden to make a *prima facie* showing of entitlement to judgment as a matter of law (*Alvarez*, 68 NY2d at 324).  Failure to make such a showing requires denial of the motion (*id.*, citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).  Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish the existence of material issues of fact requiring trial (*id.*).

In support of their motion for summary judgment, the plaintiffs adduce the Bankruptcy Court's Confirmation Plan (NYSCEF Doc. No. 45) and a schedule of claims (NYSCEF Doc. No. 9) to set forth the following Guaranteed Obligations:

| | |
|---|---|
| Post-Petition Administrative Expenses: | $ 234,594.67 |
| Secured Claims: | $ 442,113.00 |
| General Unsecured Claims: | $1,782,505.58 |
| Total: | $2,459,213.25 |

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**                    **Page 5 of 7**
    **Motion No.  002**

5 of 7

(NYSCEF Doc. No. 32 at 20).  Thus, the plaintiffs have met their burden of coming forward with sufficient evidence demonstrating their entitlement to summary judgment as a matter of law. The Guaranty is clear and unambiguous. The defendants do not contest any of the amounts determined by the Bankruptcy Court, and in fact, they are precluded from doing so by their waiver in the Guaranty (NYSCEF Doc. No. 5 ¶ 3).  Indeed, the defendants fail to raise a material issue of fact in their opposition papers warranting further proceeding.  As discussed in the Prior Decision, the defendants' 22 affirmative defenses are "unavailing" (NYSCEF Doc. No. 27 at 6-7).  As such, the plaintiffs' motion for summary judgment is granted and the defendants opposition papers styled as a cross-motion is denied.  Brad Satz's (NYSCEF Doc. No. 36) conclusory assertion that certain of the amounts are personal does not create an issue of fact warranting further proceeding because the amount of the debt was already determined by the Bankruptcy Court and are thus *res judicata* (*EDP Med. Computer Sys., Inc. v United States*, 480 F3d 621, 625 [2d Cir 2007] [holding "that a bankruptcy court order allowing an uncontested proof of claim constitutes a 'final judgment' and is thus a predicate for *res judicata*"]).

### III.    The defendants' six counterclaims are dismissed.

The defendants' not contest in their opposition papers that their counterclaims for (i) declaratory judgment, (ii) accounting, (iii) breach of fiduciary duty, (iv) breach of the implied covenant of good faith and fair dealing, (v) tortious interference, and (vi) substantive unconscionability should be dismissed.  As such, the defendants' counterclaims are dismissed.

The court has considered the parties' remaining arguments and finds them unavailing.

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**            **Page 6 of 7**
   **Motion No.  002**

6 of 7

Accordingly, it is hereby

ORDERED that the plaintiffs' motion (i) for summary judgment, (ii) to strike each of the defendants' affirmative defenses, and (iii) to dismiss each of the defendants' counterclaims is GRANTED; and it is further

ORDERED that the plaintiffs may submit judgment; and it is further

ORDERED that the defendants' cross-motion is DENIED.

| **1/9/2025** | | | | |
| **DATE** | | | **ANDREW BORROK, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655018/2023   HANDL NEW YORK LLC ET AL vs. THE IDENTITY GROUP LLC ET AL**
**Motion No.  002**

Page 7 of 7

7 of 7